E. H. VAN NATTA and LEWIS M. PRATT v. HARROUN REAL ESTATE COMPANY and W. A. MOSES, Appellants.

Division Two, June 8, 1909.

1. **RETURN: Premature.** Where there is nothing in the record or in the return showing when the sheriff's return of a writ issued to another county was in fact returned, the presumption will be indulged that the sheriff did his duty as an officer, and made return upon the first day of the following term. The fact that the return recites service on one defendant on June 24th and *non est* as to the other, when the first day of the term was June 26th, does not show a premature return.

2. **ORDER OF PUBLICATION: In Vacation: Non Est Return.** Upon a *non est* return by the sheriff, the clerk has no authority, upon the filing of an affidavit that defendant is a non-resident, to issue an order of publication in vacation. Under the statute (Sec. 577, R. S. 1899), such an order, upon such a return, can be made only by the court.

3. ————: **Change in Style of Case.** Where the petition styled the case "E. H. Van Natta and Lewis M. Pratt, plaintiffs, vs. Harroun Realty Company and W. A. Moses, defendants," an order of publication in which the case is styled "E. H. Van Natta and Lewis M. Pratt, plaintiffs, against W. A. Moses, defendant," is void.

4. ———: **Affidavit.** The affidavit, in addition to stating defendant is a non-resident, need not also state that the ordinary process of law cannot be served upon him in this State.

5. **CORPORATION: Not Sued as Such: Pleading.** If the defendant company is a corporation, the petition should so state; and if it is a partnership, the names of the persons composing the company should be set out.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*Burkhead & Clark* for appellants.

(1) Jurisdiction of the person of a defendant can only be required by a strict compliance with the statute. Parker v. Burton, 172 Mo. 85; Kelly v. Murdock, 184 Mo. 377. (2) Defendant Moses was proceeded against as a resident, and the order of publication was not based upon a finding of the court, but a finding of the clerk, in vacation. Harness v. Cravens, 126 Mo. 233; Schell v. Leohe, 45 Mo. 289; secs. 566, 575, 577, R. S. 1899; Tooker v. Leake, 146 Mo. 419. (3) A sheriff has no right to return a summons not executed until the return day in the writ, and such a return will not authorize even the court to find that a defendant cannot be served in the State. In this case the sheriff so returned the summons, and the clerk was without authority to issue an order of publication. Cummings v. Brown, 181 Mo. 711. (4) Defendant Moses should have been proceeded against in his full Christian name, and not as W. A. Moses. Riffle v. Ozark Land & Lumber Co., 93 Mo. App. 41; Turner v. Gregory, 151 Mo. 100. (5) The affidavit of non-residency does not state that the ordinary process of law can not be served in this State. Hedrix v. Hedrix, 103 Mo. App. 45. (6) The service made by the sheriff on W. H. Harroun, president of Harroun Real Estate Company, was no service. Said

Harroun Real Estate Company is not proceeded against as a corporation, and no copy of the petition was served on said Harroun, as directed by Sec. 570, R. S. 1899.

BURGESS, J.—This suit, instituted under section 650, Revised Statutes 1899, is for the purpose of quieting title to a tract of land described as the southeast quarter of section 15, township 27, range 11, in Douglas county, Missouri.

The petition is in the ordinary language, and was filed June 8th, 1905. Summons was issued to the sheriff of Buchanan county, Missouri, against the defendants, and was returned by said sheriff, with the following endorsement and return thereon: "Executed the within writ in the county of Buchanan and State of Missouri, on the 24th day of June, 1905, by delivering a true copy of said writ, with a petition annexed, to W. H. Harroun, president of the Harroun Real Estate Company, and after a diligent search failed to find W. A. Moses in my county."

Thereafter, on the 18th day of July, 1905, plaintiffs, by their attorney, filed with the clerk of said court in vacation an affidavit in which the affiant says "that W. A. Moses is a non-resident of the State of Missouri, and as he is informed and believes, resides in the State of Colorado, and that the ordinary process of law cannot be served upon the said W. A. Moses."

Upon this affidavit, the clerk, in vacation, issued an order of publication which styles the case at bar as "E. H. Van Natta and Lewis M. Pratt, plaintiffs, against W. A. Moses, defendant." Among other things said order of publication contained the following: "That said defendant is a non-resident of the State of Missouri, residing outside of the State of Missouri; and said clerk being, from said petition, process and return herein, and otherwise, duly satisfied, and thereupon duly finding that process herein can-

not be served on said defendant, W. A. Moses, it is therefore ordered by said clerk that said defendant, W. A. Moses, be notified by publication that plaintiff by petition herein filed of date June 8th, 1905, has commenced against said defendant an action at law, and the immediate object and general nature of which is,'' etc.

On the 27th day of September, 1905, the defendants filed the following motion:

''Come the defendants, by their attorneys, and appearing for the purpose of this motion alone, and as friend of the court, move the court to quash the service in this case for the following reasons, to-wit:

''First. W. A. Moses was at the time and long before the commencement of this suit, and still is, a resident of Kansas City, Jackson county, Missouri, and has not been served personally, and there has never been a finding of this court based on a *non est* return that the defendant could not be served in this State.

''Second. The order of publication is not based on an affidavit filed alleging that defendant Moses is a non-resident.

''Third. Defendant, the Harroun Real Estate Co., has not been legally served, for the reason the petition fails to allege that defendant is a corporation or a company, and the sheriff's return is upon the president of defendant, and no copy of the petition was served upon him.''

To sustain said motion, the defendants introduced witness L. O. Hailey, an attorney at law, who testified that he was acquainted with W. A. Moses in a business way, and had correspondence with him during the months of May, June and July, 1905, and that the letters of Mr. Moses were all dated at Kansas City, Jackson county, Missouri. He produced one letter addressed to him, dated ''Kansas City, Mo., Aug. 31, 1905,'' and signed by ''W. A. Moses.''

Defendants also introduced in evidence Record Book 29, of the office of the recorder of deeds of Douglas county, showing the record of the deed from Harroun to W. A. Moses, dated April 6, 1904, and recorded October 22, 1904, which deed, it was conceded, showed that the residence of W. A. Moses, on April 6, 1904, was in Jackson county, Missouri.

After hearing said evidence, the court overruled the motion to quash the service, the defendants excepting. The defendants declined to further appear in the case, whereupon the court rendered judgment in favor of the plaintiffs, and divesting the defendants of all claims to or interest in said land, from which judgment, after unsuccessful motions for a new trial and in arrest of judgment, the defendants appealed.

The defendants contend that the court erred in overruling their motion to quash.

The first ground of said motion is that "W. A. Moses was at the time and long before the commencement of this suit, and still is, a resident of Kansas City, Jackson county, Missouri, and has not been served personally, and there has never been a finding of this court based on a *non est* return that the defendant could not be served in this State."

The record discloses that, upon the filing of the petition, summons was issued to the sheriff of Buchanan county, Missouri, against the defendants, which was returned executed on the 24th day of June, 1905, "by delivering a true copy of said writ, with a petition annexed, to W. H. Harroun, president of the Harroun Real Estate Company, and after a diligent search, failed to find W. A. Moses in my county." Signed: "J. M. SAMPSON, sheriff of Buchanan county, Missouri; by J. H. MARTIN, Deputy."

While the defendants claim that the return was made prematurely, there is nothing in the return nor in the record to show when the writ was in fact re-

turned to the clerk's office from which it was issued, in the absence of which the presumption must be indulged that the sheriff did his duty as an officer, and made return upon the first day of the following term of court, which was on the 26th day of June, 1905.

It is insisted by the defendants that the order of publication issued in this case was unauthorized, it not having been based upon a finding of the court, but upon a finding of the clerk, in vacation.

Section 575, Revised Statutes 1899, declares that in suits of the kind therein mentioned, "if the plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating that part or all of the defendants are non-residents of the State, or is a corporation of another State, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter, or have abandoned or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law cannot be served upon them, the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit," etc.

Section 577 provides as follows: "When, in any of the cases contained in section 575, summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants cannot be found, the court, being first satisfied that process cannot be served, shall make an order as is required in said section."

With reference to these two provisions of our statutes, VALLIANT, J., speaking for this court in the case of Cummings v. Brown, 181 Mo. 711, said: "We first observe that under section 577, unlike section 575, the order of publication can be made by the court only; it cannot be made by the clerk; second, it can be

made by the court only after it has become satisfied that process cannot be served. There is a judicial investigation required and the finding of a fact, which fact is an essential foundation of the order. And preliminary to the judicial investigation there must be the return of the sheriff on the summons that the defendant cannot be found. The court may be satisfied of the fact from the sheriff's return, but is not confined to that. An order of publication reciting that, whereas the sheriff has returned the summons saying that the defendant cannot be found, therefore it is ordered by the court that publication be made, would not satisfy the requirements of that section, but in addition thereto it must show that the court has become satisfied that the process cannot be served. [Tooker v. Leake, 146 Mo. 419.]''

In the case at bar, the order of publication issued by the clerk of the court was without authority, and void. It was also void for the further reason that it did not properly style the case, the name of the Harroun Real Estate Company, one of the parties defendant, having been omitted, and represented that W. A. Moses was the only party defendant. The order of publication being void, and there being no personal service on defendant Moses, the court had no jurisdiction as to him.

Defendants also contend that the affidavit of the non-residency of W. A. Moses, in addition to stating that he was a non-resident, should also have stated that the ordinary process of law could not be served upon him in this State, and rely upon the case of Hedrix v. Hedrix, 103 Mo. App. 40, as sustaining that contention. But said case was overruled by the same court in Harbert v. Durden, 116 Mo. App. 512; and in Paddock v. Paddock, 91 S. W. 398; also by this court, in the recent case of Keaton v. Jorndt, 220 Mo. 117. If the Harroun Real Estate Company is a corporation, it should have been sued as such; but if the Real Estate

Company is a partnership firm, then the names of the persons composing such company should be set out, and each individual member thereof served with process in the manner provided by section 570, Revised Statutes 1899.

The motion to quash should have been sustained. The judgment is reversed, and the cause remanded. All concur.