Ronald ANNONE, Plaintiff Below,
Appellant,

v.

KAWASAKI MOTOR CORP., a California
corporation, and David P. Trainer, t/a
Delaware Cycle Center, Defendants Be-
low, Appellees.

Supreme Court of Delaware.

Feb. 5, 1974.

HERRMANN, Chief Justice, and CAR-
EY and DUFFY, Associate Justices, sit-
ting.

Barry W. Meekins, of Knecht, Green-
stein & Berkowitz, Wilmington, for appel-
lant.

Richard W. Pell, of Tybout, Redfearn &
Schnee, Wilmington, for appellees.

DUFFY, Justice:

The sole question presented by this ap-
peal is whether the Superior Court proper-
ly denied plaintiff leave to amend his com-
plaint.

I

The cause of action arose on May 19,
1970 when plaintiff allegedly sustained per-
sonal injuries in a fall from a malfunction-
ing motorcycle which had been manufac-
tured by defendant Kawasaki Motor Cor-
poration (Kawasaki), a California corpora-
tion, and purchased by plaintiff from Dela-
ware Cycle Center.

Approximately six weeks before the end
of the limitations period (see 10 Del.C. §
8118), plaintiff filed the complaint against
Kawasaki and "David P. Trainer t/a Dela-
ware Cycle Center". Trainer filed an an-
swer saying that he did not trade as Dela-
ware Cycle Center and did not sell a mo-
torcycle to plaintiff; he then filed a mo-
tion for summary judgment with his affi-
davit which states in part:

"2. Since June, 1968, he has served as
an officer of Delaware Cycle Center,

Inc., a corporation of the State of Delaware;

3. On or about April 29, 1970, Delaware Cycle Center, Inc., sold a motorcycle to Ronald Annone, plaintiff in this action;

4. At no time since the formation of Delaware Cycle Center, Inc., has David P. Trainer traded as Delaware Cycle Center, and

5. On no occasion did David P. Trainer sell a motorcycle to the said Ronald Annone."

Delaware Cycle Center, Inc., was organized on June 6, 1968.

Seeking to substitute "Delaware Cycle Center, Inc., a Delaware Corporation" for "David P. Trainer t/a Delaware Cycle Center", plaintiff moved under Superior Court rule 15, Del.C.Ann. to amend the complaint and filed a supporting affidavit by his counsel stating that "prior to the filing of this action" he had contacted the office of the Secretary of State, Corporations Division and was "erroneously informed" that a corporation known as "Delaware Cycle Center, Inc." did not exist at that time.

Relying on our opinion in Food Fair Stores Corporation v. Vari, Del.Supr., 191 A.2d 257 (1963), the Superior Court denied the motion and granted Trainer's motion for summary judgment.[1] This appeal followed.

The central problem revolves around the fact that plaintiff's motion to amend was filed after the limitation period had ended.

## II

In *Vari*, this Court relied upon Hackett v. Bethlehem Steel Co., Del.Super., 5 W. W. Harr. 317, 165 A. 332 (1933), and held that, absent circumstance which would excuse a plaintiff's failure to bring his action against the proper party within the statutory period, *Hackett* and other early Delaware cases should not be disregarded. Those cases were, of course, decided before the modern Superior Court Rules were adopted in 1948. *Vari* was decided after that date and, of present significance, changes were made in Rule 15 after it was decided.

When *Vari* was decided Rule 15(c) consisted only of what is now the first sentence of that Rule. Thus:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Effective January 1, 1967 a second sentence was added:

" . . . An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against him."

Together, these two sentences comprise the current version of Rule 15(c).

■ Any motion to amend a pleading must initially be made under Rule 15(a); and it mandates that "leave [to amend]

---

1. The procedural aspects of this case were not discussed in the briefs nor at oral argument but they must be noticed. Plaintiff does not complain of the grant of summary judgment to Trainer; he argues only that he should be permitted to amend his complaint. Under these circumstances Trainer may be arguing for the corporation rather than for himself.

shall be freely given when justice so requires." Justice may not so require if the party seeking to amend has been inexcusably careless or if the amendment would unfairly prejudice an opposing party. In *Vari* the Court found that reliance upon a telephone conversation with the Corporation Department did not amount to excusable neglect because there was no misleading conduct by defendant and it was entitled to have the Rule "applied as written". Now, however, the Rule "as written" requires a different result in this case. We say this because "prejudice" to the opposing party is to be tested, not by his participation in misleading conduct, but by the terms of Rule 15(c): prior notice of the action, absence of prejudice in defending on the merits and knowledge that but for·· the "mistake concerning . . . identity" the action would have been brought against him. Thus, leave to amend which would otherwise be freely given may and should be given with a relation-back consequence if the requirements of Rule 15(c) are met.[2]

■ Turning to the facts, in our view they fall squarely within 15(c). It is apparent that the claim asserted in the amended pleading arose out of the "conduct, transaction, or occurrence" alleged in the original pleading. And beyond doubt Delaware Cycle Center, Inc., received such notice of commencement of the action that it will not be prejudiced in defending on the merits, for if the suit had been brought against the corporation, service on Trainer, its president, would have been valid. See 8 Del.C. § 321. Further, since Trainer actually received notice of commencement of

the action, Delaware Cycle Center, Inc., "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it. In short, the requirements of 15(c) have been met.

The judgment of the Superior Court is reversed under a mandate to proceed in conformity herewith and, in so doing, we abandon any expressions in *Vari* which are inconsistent with this opinion.

---

2. It is here pertinent to note that the several Federal cases cited by Trainer were all decided prior to the recent amendment to Rule 15(c): Martz v. Miller Brothers Company, D.Del., 244 F.Supp. 246 (1965); Kerner v. Rackmill, M.D.Pa., 111 F.Supp. 150 (1953); Sanders v. Metzger, E.D.Pa., 66 F.Supp. 262 (1946). Two of those decisions. *Martz* and *Kerner*, are noted as "particularly harsh" by Professors Wright and Miller, Federal Practice and Procedure: Civil § 1498. And

one case notes that *Sanders* and *Kerner* "unreasoningly" relied, upon cases antedating the former version of Rule 15(c). See Meredith v. United AirLines, S.D.Cal., 41 F.R.D. 34, 41 (1966). And even under the language of the original form of 15(c), Professor Moore has criticized Martz, 3 Moore's Federal Practice, 2d Ed., ¶ 15.15 [4–1], p. 1048. See also Wentz v. Alberto Culver Company, D.Mont., 294 F.Supp. 1327 (1969).