Albert WANT, Plaintiff-Appellant,

v.

Louis LEVE and Rubin Leve and Century Supply Company, a corporation, Defendants-Respondents.

No. 38309.

Missouri Court of Appeals, St. Louis District.

Oct. 24, 1978.

Jay R. Burns, Bridgeton, for plaintiff-appellant.

Stanley E. Goldstein, Clayton, for defendants-respondents.

PER CURIAM.

Albert Want, the plaintiff in the trial court, appeals from a judgment of the Circuit Court of the City of St. Louis entered after the respondents' motion for judgment on the pleadings had been sustained on the grounds that the five year statute of limitations, § 516.120 RSMo. 1969 had run and the cause of action was thereby barred. The central issue is whether plaintiff's Third Amended Petition, filed on March 13, 1975, relates back to the commencement of the cause of action and thereby avoids the limitations bar. For reasons hereinafter stated we hold that it did and the judgment of the trial court must be reversed and the cause remanded.

Mr. Want, the appellant, filed Cause No. 14599–F, a three count petition in the office of the Circuit Clerk for the City of St. Louis on April 9, 1970. In this petition the defendant named in the caption of the petition was "Century Supply Company, c/o Mr. Louis Leve, Registered Agent, 1107 Franklin Avenue, St. Louis, Missouri." Count I of the petition sought damages for breach of contract; Count II for unjust enrichment; and Count III for breach of a partnership agreement between the plaintiff and "defendant." According to the allegations of this petition the "defendant company" hired the plaintiff to serve both as a salesman and to take an integral part

in the "defendant company's" business on or about April 5, 1969, and "after seven months of plaintiff's services" (November, 1969), discharged him. Despite the fact that the term "defendant" was used throughout the petition, in all Counts, there was no allegation whether the "company" was a corporation, a partnership, or a sole proprietorship, nor were there any allegations whatsoever from which one could glean its legal status.

According to the Return of Service of Summons the deputy sheriff certified that he had served a copy of the summons and a copy of the petition on the "Century Supply Co., Mr. Louis Leve, Reg. Agent" in the City of St. Louis on the 13th day of April, 1970. On April 25, 1970, an Answer was filed in the case by the "above alleged defendant Century Supply Company" wherein the defendant denied each and every allegation in the plaintiff's petition. This Answer bore the signature of C. Marshall Friedman, of the law firm of Gray and Friedman, and a copy of same was forwarded to plaintiff's attorney of record.

On May 15, 1970, plaintiff filed a motion for the inspection of books and papers. Notice was served on defendant's attorney of record that the motion would be called up on the 26th day of May, 1970. On May 21, 1970, the defendant's attorney of record filed a motion to dismiss plaintiff's petition on the grounds: (1) that the claim was barred by the Statute of Frauds, § 432.010 RSMo. 1969, and (2) that breach of an employment contract for an indefinite term gave rise to no cause of action, and simultaneously filed "Defendant's Objection to Plaintiff's Motion for the Inspection of Books and Papers" on the grounds that it was a fishing expedition and exceeded the discovery contemplated by § 510.030 RSMo. 1969. On May 26, 1970, the plaintiff retaliated by filing its Motion to Strike Defendant's Motion to dismiss and to overrule said motion, on the grounds it was not timely filed, and for other reasons not pertinent to the issues before us in this appeal.

Thereafter, on the same day, May 26, 1970, the defendant, by leave of court, amended its Answer by adding to Counts I, II and III an allegation "that Plaintiff's motion is barred by the Statute of Frauds." The defendant's motion to dismiss was argued and time for the filing of briefs by the parties was granted. On May 28, 1970, the "Defendant's" Motion to Dismiss was sustained without prejudice to plaintiff's filing of an amended petition. No time limitation was set by the trial court within which plaintiff might file his amended petition.

On June 13, 1970, the plaintiff instituted a new cause of action, Cause No. 16058–F, in the Circuit Court of the City of St. Louis. This petition, also in three counts, sought judgment for unjust enrichment, breach of contract, and breach of partnership agreement in Counts I, II and III respectively. In the caption of this petition the defendant was also identified as "Century Supply Company, c/o Mr. Louis Leve" etc. and, as in the prior petition was referred to as the "defendant company" or just as the "defendant." Except for changing the order in which plaintiff stated his claims in the petition, it was essentially the same as the previous one. The date of the breach of contract or of the wrongful discharge was again alleged to have occurred "seven months" after the plaintiff commenced performing his services under the oral contract entered into on or about April 5, 1969. The Sheriff's return on the summons in this case showed that service was had on "the Century Supply Co., a corp. (a corporation)" on June 17, 1970, by delivering a copy of the "writ and petition" to "Louis Leve, Reg. Agent" of the said defendant corporation, in the usual business office and in charge thereof and recited further that the President or other Chief Officer of the defendant could not be found in the City at the time of service.

On June 22, 1970, the "defendant" Century Supply Company, filed a Motion to Dismiss pointing out that the allegations contained in this petition were identical to those previously ruled on in Cause No. 14599–F and that therefore the cause of action was barred by reason of res judicata, by the Statute of Frauds, and further al-

leged that the plaintiff failed to state a claim upon which relief could be granted. On July 29, 1970, argument on this motion, by agreement of counsel, was reset at an unspecified future date; and on September 11, 1970, argument on the motion to dismiss was passed to be reset on request of the attorneys of record because of lack of time to hear. Both parties filed suggestions in support of their respective positions with respect to the motion to dismiss and subsequently on October 28, 1970, plaintiff again filed a motion for the inspection of books and papers of the "defendant," which would shed light on his allegations that by his efforts he caused an increase in the gross income of the "defendant company." This motion provoked defendant's objection on the grounds that the order in the prior case was res judicata on this point and that plaintiff's petition was barred by the Statute of Frauds. Plaintiff thereupon amended his motion to inspect on November 6, 1970, and on November 13, 1970, defendant's motion to dismiss was argued, submitted and sustained. Plaintiff was granted leave to file an amended petition within ten days.

On November 20, 1970, plaintiff filed his First Amended Petition, this time a single count petition wherein the defendant was referred to as either the "defendant company" or simply the "defendant." This petition essentially alleged an oral contract entered into between the parties on or about April 5, 1969, whereby plaintiff would work as a salesman "and as an integral part of Defendant's wholesale plumbing supply business, taking a part in the basic operations of said business;" that he would be paid a 5% commission on the business he brought the "Defendant company" and that plaintiff fully performed his part of the contract for seven months when he was unjustly discharged without good cause; that the "defendant" had been unjustly enriched and had failed to make restitution to the plaintiff or to account to him; that plaintiff was without an adequate remedy at law and had been irreparably injured to the extent of $3,600 expenses advanced by plaintiff and by an amount which could not

be known to plaintiff unless the court ordered an accounting. The only allegation in this petition which was not present in Count II of the prior petitions—the unjust enrichment count—filed by plaintiff was that he and the "defendant" agreed to publicize the contract between the parties to plaintiff's business associates, and that, in furtherance of the contract, said notice proclaimed to plaintiff's associates that he was now affiliated with "defendant company." The prayer of this petition was for an accounting, that "defendant" be ordered to pay plaintiff 5% commission on all business obtained by the "defendant" from business obtained by the plaintiff together with a lump sum for future commissions on said business; and further that business income of the "defendant" from the date of plaintiff's wrongful discharge be held in constructive trust for the plaintiff.

The defendant, "Century Supply Company," on December 22, 1970, retaliated with its Motion to Dismiss based on the same grounds as had been its prior motions to dismiss with respect to the previous petitions filed by plaintiff. On March 1, 1971, Defendant's Motion to Dismiss was sustained "with prejudice," because the plaintiff stated no ground for equitable relief and his claim was barred by the Statute of Frauds, § 432.010 RSMo. 1969. On the same date plaintiff filed his Notice of Appeal to the Supreme Court from the "Trial Court Order that 'Plaintiff states no ground for equitable relief and his claim is barred by Sec. 432.010 V.A.M.S.' "

This appeal was transferred to the Missouri Court of Appeals where the judgment of the trial court was reversed because of the possibility that the contract could have been performed within one year and its enforcement was not barred by the Statute of Frauds. The cause was remanded with directions to grant plaintiff leave to amend his petition to state a cause of action for recovery for the reasonable value of the services plaintiff had rendered. *Want v. Century Supply Company,* 508 S.W.2d 515 (Mo.App.1974).

Upon remand a new group of attorneys entered their appearance on behalf of the plaintiff on May 14, 1974, and leave to file an amended petition was requested and granted. On June 21, 1974, Plaintiff's Second Amended Petition, a two count petition, was filed. This petition, like the earlier petitions, named "Century Supply Company" as the defendant and did not allege its legal status more particularly. Count I of plaintiff's petition contained the allegations of the previous petitions except that it further alleged that the "defendant" had unconscionably converted plaintiff's special property interest by defendant's wrongful dismissal of plaintiff, and prayed for an accounting for commissions already earned together with a lump sum payment for future commissions on the business produced from a geographical area which had been agreed upon as plaintiff's area of operations. Count II of this petition sought to recover from the "Defendant" the sum of $3,600 for the value of reasonable expenses incurred by the plaintiff as "agent" for the "Defendant" together with the reasonable value of the services rendered by him to the "defendant," to be ascertained by an accounting.

On July 2, 1974, "defendant" filed three motions: a Motion to Dismiss on the grounds of the Statute of Frauds and commingling of causes of action, an Alternative Motion to Strike certain paragraphs of plaintiff's petition, and an Alternative Motion to Make More Definite and Certain. On October 22, 1974, all of these motions were denied.

Thereafter, on November 19, 1974, "defendant," filed its Answer to Plaintiff's Second Amended Petition denying all of the allegations contained in both Counts of plaintiff's Second Amended Petition and, for the first time, pleaded the following:

"3. For further answer said alleged defendant states that it is not a proper party in this lawsuit in that it was not a legal entity, had no registered agent, had no legal existence, nor could it be sued in any representative capacity."

On March 13, 1975, without obtaining leave of court or written consent of opposing counsel as required by Rule 55.33(a), plaintiff's counsel filed a Third Amended Petition, changing the caption thereof and, for the first time, inserted in lieu thereof, the following: "William Leve, Bessie Leve, Louis Leve, and Rubin Leve, d.b.a. Century Supply Company, a corporation," as the defendants. Paragraphs 1 and 2 of this Third Amended Petition read as follows:

"1. That at all times mentioned herein, Defendants William Leve, Bessie Leve, Louis Leve and Rubin Leve, were engaged in the plumbing supply business under the name of Century Supply Company, with the principal office of said business being at 1107 Martin Luther King Drive in the City of St. Louis, Missouri.

"2. That Defendant Century Supply Company, a corporation, is a corporation originating (sic) and existing under the laws of Missouri with its principal office at 1107 Martin Luther King Drive in the City of St. Louis, Missouri."

The Third Amended Petition alleged two separate causes of action in Two Counts. Paragraphs 1 and 2, aforesaid, were set out in Count I and incorporated by reference into Count II. Count I pleaded a cause of action in conversion, in that the defendants had unconscionably converted plaintiff's special property interest by wrongfully dismissing him from his contract of employment as a salesman and an integral part of defendants' wholesale plumbing supply business, sought an accounting for business obtained from his "geographical sales area" and a 5% commission on said business plus a lump sum payment for future commissions on said business. Paragraph 14 of this Count further alleged:

"14. That said business being carried on by Defendants William Leve, Bessie Leve, Louis Leve and Rubin Leve, d/b/a Century Supply Company is now being conducted by Defendant Century Supply Company, a corporation, and said corporation has succeeded to all of the interests, rights and obligations of Defendants William Leve, Bessie Leve, Louis Leve

and Rubin Leve d/b/a Century Supply Company in said agreement with Plaintiff, and said Defendants or some of them are the shareholders of said Defendant corporation."

Count II of Plaintiff's Third Amended Petition adopted by reference almost all of the paragraphs of Count I of the Petition, including Paragraphs 1, 2 and 14, and alleged a theory of recovery of reasonable expenses incurred as well as the reasonable value of services rendered defendants pursuant to the agreement of April 5, 1969.

A copy of this Third Amended Petition was mailed to the defendant's attorney of record, Marshall Friedman, on the 14th day of March, 1975. On June 27, 1975, plaintiff, by memorandum, amended his Third Amended Petition by deleting the letters "d/b/a" following "Rubin Leve" in the caption and inserted in lieu thereof, the word "and," so, as amended, the caption read: "William Leve, Bessie Leve, Louis Leve, and Rubin Leve and Century Supply Company, a corporation." A copy of a summons and of the petition was served on Louis Leve in both his individual capacity and as President of the Century Supply Company, a corporation, on August 4, 1975; service was also had on Rubin Leve by leaving a copy of the summons and the petition at his dwelling place or usual place of abode, with a person of his family over the age of 15 years, on August 4, 1975; Bessie Leve and William Leve could not be served because they could not be found in the City of St. Louis, Missouri, and a non est return was made as to these named defendants on August 5, 1975, stating that both defendants were deceased. On September 3, 1975, the defendants Louis Leve, Rubin Leve and Century Supply Company, a corporation, were granted until October 2, 1975, to file responsive pleadings with leave to reserve the right to raise all matters, by motion or otherwise, which could have been raised on the original return date.

On September 29, 1975, Louis Leve, Rubin Leve and Century Supply Company, a corporation, filed a Motion for Judgment on the Pleadings on the grounds that the cause of action alleged by the plaintiff was founded upon a purported oral contract entered into on or about April 5, 1969 and that he was wrongfully discharged in November, 1969; that an action was not asserted against these defendants nor any existing legal entity until March 14, 1975, more than five years after his purported cause of action arose and, therefore, was barred by the Statute of Limitations, § 516.120 RSMo. 1969. On January 30, 1976, this motion was called up and the parties were granted time to file memoranda of law. On February 24, 1976, the defendants Louis Leve, Rubin Leve and Century Supply Company, a corporation, filed jointly, a memorandum of law together with an affidavit of Norman I. Leve and a certified copy of the Certificate of Incorporation of the Century Supply Co., 1107 Franklin Avenue, St. Louis, Missouri, 63101, issued by the Office of the Secretary of State of Missouri on December 28, 1970. The affidavit of Norman Leve stated that on the date the affidavit was executed, February 12, 1976, he was the Secretary and Treasurer of Century Supply Co., a corporation, duly organized and existing under and by virtue of the laws of the State of Missouri; that Century Supply Co. was duly and properly incorporated within the State of Missouri on the 28th day of December, 1970, as evidenced by a copy of the Certificate of Incorporation which was attached to and made a part of his affidavit by reference; and that prior to December 28, 1970, Century Supply Co. legally existed and conducted business as a Partnership, the individual partners being Louis Leve, Rubin Leve and Norman Leve.

On April 29, 1976, defendants' Motion for judgment on the pleadings was sustained and on May 6, 1976, plaintiff filed his Motion to Set Aside Order of April 29, 1976, and this motion was sustained on May 6, 1976. On May 17, 1976, plaintiff filed his Memorandum in Response to "Defendant's (sic) Motion for Judgment On the Pleadings." Attached to the memorandum was a certificate of Corporate Records containing the certificate of Incorporation of the Century Plumbing Supply Company dated August 3, 1938. The stockholders of this cor-

poration were listed in the Articles of Incorporation as William Leve, Bessie Leve, Louis Leve, Clara Leve and Rubin Leve, and the Board of Directors for the first year of operation of the corporation were identified as William Leve, Bessie Leve and Louis Leve. Other attachments to the memorandum were copies of two letters to the Sheriff of the City of St. Louis—one dated September 4, 1964 and the other January 15, 1965—on the letterhead of "Century Supply Company formerly Century Plumbing Supply Co.," signed by Louis Leve, forwarding to the Sheriff certain checks in return to a garnishment action against one of the employees of the business.

On May 24, 1976, the trial court sustained defendants' Motion for Judgment on the Pleadings without specifying any grounds upon which the ruling was based.

On June 8, 1976, plaintiff filed a Motion for Rehearing and on June 29, 1976, this motion was overruled. On the same date counsel for the plaintiff withdrew with leave of court and present counsel entered his appearance on behalf of the plaintiff. On July 2, 1976 a Notice of Appeal and Jurisdictional Statement was filed by counsel for the plaintiff.

On July 14, 1976 the defendants filed documents in the office of the Clerk of the Circuit Court of the City of St. Louis identified as photostatic copies of records of the Secretary of State which, according to the memorandum filed on that date, had been utilized at the hearing on the motion for rehearing on June 29, 1976, for incorporation into the record on appeal. Both of these are documents filed pursuant to the requirements of the Fictitious Names Act. One of these documents, Exhibit B, states the name of the business to be "Century Plumbing Supply Co." and the persons doing business under that name to be William Leve, Bessie Leve, Louis Leve, Clara Leve, and Rubin Leve. The location of the business was given as 1107–09 Franklin Avenue, St. Louis, Missouri. This registration was filed in the office of the Secretary of State on October 19, 1942. Exhibit A, the other document, listed the name of the business as "Century Supply Co." and the place of business as 1107 Franklin Street, St. Louis, Missouri. The names of the parties doing business under this name included William Leve, Bessie Leve, Louis Leve and Rubin Leve. This document was registered in the office of the Secretary of State on May 11, 1949.

The only question presented on appeal is whether the trial court erred in sustaining defendants' motion for judgment on the pleadings because plaintiff's cause of action was barred by the five year statute of limitations, § 516.120 RSMo. 1969.

The appellant contends that the judgment of the trial court was prejudicially erroneous because:

1) his Third Amended Petition, filed on March 13, 1975, naming these respondents as party defendants, relates back to the institution of this cause of action on April 9, 1970, pursuant to the provisions of Rule 55.33(c), and the defendants may not interpose the statute of limitations as a defense against his claim;

2) Century Supply Company, a corporation, voluntarily appeared in the case prior to the running of the statute and thereby waived the requirement for service of process upon it prior to the running of the statute;

3) Louis Leve was actually notified of the action before the statute of limitations had run because he had received service of process and a copy of the petition and any mistake in the name of the party defendant in the case was waived by his appearance and his failure to make a timely objection and defending on the merits;

4) respondent Century Supply Company was a corporation de jure or de facto by virtue of its incorporation in 1938, was suable as a legal entity when the claim was originally instituted on April 9, 1970, and therefore the running of the statute of limitations was tolled when the original suit was instituted, or, the Century Supply Company is estopped to deny its corporate status by virtue of its conduct in creating the

impression that it was a corporation and by filing its Answer to the plaintiff's petitions, a general denial, which admits its corporate stature and that it was suable as such;

5) Century Supply Company, even though it was a partnership, was suable as an entity because it is estopped from denying liability on its contracts when it held itself out as capable of contracting as an entity;

6) whatever defect in its legal status was attributable to Century Supply Company prior to December 28, 1970, was cured by its incorporation on that date, and since it was the same party which was originally sued, it was already in court prior to the running of the statute of limitations;

7) appellant's cause of action was a "continuing one" for unjust enrichment and conversion in that each and every sale by the respondents made as a result of his labor or property rights entitles him to remuneration and there is nothing in the pleadings to indicate that all such sales stopped when the appellant's services were terminated;

8) material issues of fact existed;

9) the running of the statute was tolled as to the partnership because the partners concealed their status until February 24, 1976, when they revealed their existence as a partnership and they failed to timely raise the defense of improper parties, thereby representing that they were the party named and served with process and thereby misleading the appellant so that he was prevented from bringing the suit against the proper parties prior to the running of the statute of limitations.

■ We initially point out that it is the plaintiff whose duty it is in the institution of a law suit to insure that he or she causes the proper party defendant to be brought before the court in which relief is sought for wrongs allegedly suffered. The plaintiff not only selects the defendant, but by doing so, initiates the service of process upon the said defendant whereby the forum in which the claim has been instituted acquires personal jurisdiction over the defendant to adjudicate the controversy between the parties. When this suit was instituted in April of 1970, Supreme Court Rule 3.09 and § 506.150 RSMo. 1969 (now Rule 54.13) governed personal service on parties defendant. In the case of a domestic corporation personal service shall be made by delivering a copy of the summons and petition to an officer, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of Process. In the case of a partnership, delivering a copy of the summons and petition to each partner was required. *Van Natta v. Harroun Real Estate Co.*, 221 Mo. 373, 120 S.W. 738, 740[6] (1909); *Davison v. Farr*, 273 S.W.2d 500, 502 (Mo. App.1954).

■ In this case, the initial petition filed in Cause No. 14599–F, was served on "Century Supply Co., Mr. Louis Leve, Reg. Agent" on April 13, 1970. At that time there was no corporation by that name. Nevertheless an attorney entered an appearance for "Century Supply Co." filed an Answer in the name of said defendant and subsequently filed motions to dismiss and objections to plaintiff's motion to inspect. Thereafter, when defendant's motion to dismiss was sustained with leave to plaintiff to file an amended petition, plaintiff, rather than file a pleading amending the petition in Cause No. 14599–F, chose to institute Cause No. 16058–F by the filing of a new petition on June 13, 1970. Again plaintiff identified the defendant as "Century Supply Company" and service of process was had on "the Century Supply Co., a corp. (a corporation)" by serving Louis Leve, as the registered agent of the corporation in the usual business office thereof.

In this state the filing of the petition with the court and issuance of summons forthwith by the clerk of the court is but a conditional halting of the statute of limitations and unless the party thereafter exercises due diligence in obtaining service of process, the statute continues to run. *Votaw v. Schmittgens*, 538 S.W.2d 884, 886[1] (Mo.App.1976).

It was not until March 13, 1975, that the plaintiff amended the caption of the petition and identified the defendants in the case as four individuals "d/b/a Century Supply Company, a corporation" and alleged in paragraphs 1 and 2 of the petition that the named individuals were conducting a plumbing supply company under the name of "Century Supply Company" and that the defendant Century Supply Company was a domestic corporation. If, as plaintiff alleged, the expenses he incurred and the commissions he earned for which he sought damages were earned prior to the date of his discharge, on or about November 5, 1969, the five year statute of limitations would have run unless the provisions of Rule 55.33(c) apply.

■ Rule 55.33(c), as applicable to this case, provides that whenever a claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by the amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party the action would have been brought against him.

Although the motion pending before the trial court was a motion for judgment on the pleadings [1] pursuant to the provisions of Rule 55.27(b), it is apparent from the transcript of the record filed in this court that matters outside the pleadings were presented by both parties, and, so far as we can ascertain, may have been considered by the trial court in ruling on the motion.

Among these matters outside the pleadings, i. e. the Third Amended Petition, which the parties presented to the trial court in support of and in opposition to the motion were the following documents attached to memoranda of law filed preliminarily to submission of defendant's motion:

1) the affidavit of Norman I. Leve referred to hereinabove.

2) a certified copy of a copy of the Certificate of Incorporation of the Century Supply Co., issued by the Secretary of State on December 28, 1970.

3) a Certificate of Corporate Records containing the Certificate of Incorporation of the Century Plumbing Supply Company dated August 3, 1938.

4) photostatic copies of two letters on the letterhead of Century Supply Company, "formerly Century Plumbing Supply Co." to the Sheriff of the City of St. Louis dated September 4, 1964, and January 15, 1965, respectively.

■ Inasmuch as these documents were not part of the pleadings and were presented to and not excluded by the trial court, we must, as we expect the trial court did, in the absence of any record evidence to the contrary, abide by the Rule and treat the motion as one for summary judgment. Rule 55.27(b).

■ A trial court in considering a motion for summary judgment utilizes the pleadings, the depositions, and admissions on file, together with the affidavits, if any, to show that there is no genuine issue as to any material fact and whether any party is entitled to a judgment as a matter of law. Rule 74.04(c). An adverse party may not, when a motion for summary judgment is made and supported by affidavit, rest upon the mere allegations or denials in his pleadings. Rule 74.04(e).

The defendant-respondent has not challenged the relation back of the plaintiff's

1. The record does not contain an Answer to this Third Amended Petition nor is there any record entry to the effect that the defendants named therein refiled and joined in the Answer filed by Century Supply Company in response to Appellant's Second Amended Petition wherein the proper party question first surfaced. A motion in this nature should be filed "After the pleadings are closed." Since this point was not raised, we do not reach it.

Third Amended Petition on the grounds that the claim asserted therein did not arise out of the conduct, transaction or occurrence set forth or attempted to be asserted in any of the petitions filed by the plaintiff-appellant during the period prior to November 19, 1974. The challenge to the application of the relation back rule is directed to the failure of the plaintiff-appellant to sue defendant-respondent in its proper legal capacity prior to the running of the five year statute of limitations.

As we understand respondent's argument, the Century Supply Company, incorporated, did not exist as a corporate entity at any time prior to the date of its incorporation on December 28, 1970, when a certificate of incorporation was issued by the Secretary of State of Missouri. Between 1949 and the date of the filing of the petition in this cause on June 13, 1970, "Century Supply Company" was a partnership and this was a matter of public record by reason of the partnership's filing a report in the office of the Secretary of State of Missouri pursuant to the Fictitious Name Act in 1949; nevertheless, plaintiff sued in the partnership name, and under Missouri law, a partnership may not be sued in its partnership name, but the partners making up the partnership must be sued individually and named as party defendants. Therefore, because plaintiff-appellant did not sue either the partnership or the corporation prior to the running of the five year statute of limitations, the filing of plaintiff-appellant's Third Amended Petition on March 13, 1975, naming the individuals comprising the partnership and/or the corporation as party defendants, cannot relate back to the filing of the original petition in either this cause, or the prior cause, Cause No. 14599–F, and thereby avoid the impact of limitations. We disagree.

 Rule 55.02 requires that every pleading shall contain a caption setting forth, among other items, the title of the civil action, and, in the petition, the title of the civil action shall include the names of all the parties. It is sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, or the legal existence of a corporation, or of an organized association of persons that is made a party. Rule 55.13 provides that when a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

The difficulty with the petitions filed in this case prior to that of March 13, 1975, is that the named defendant in the title of the civil action in the caption is "Century Supply Company." There is, in the petition proper, no title of the civil action including the names of all of the parties as required by Rule 55.13.

The word "Company" in the name contained in the caption is a generic and comprehensive word which may include individuals, partnerships, and corporations. The term is defined in Ballantine's Law Dictionary (3rd Ed.) as:

"Usually, but not necessarily, a corporation, since the word is inclusive of natural persons, 18 Am.J.2d Corp. § 4; a union of two or more persons for the carrying on of a joint enterprise or business; a partnership; a corporation."

From the caption of the petition it is impossible to ascertain whether the Century Supply Company named as the "defendant" is a corporation, a partnership, or in what capacity it is being sued. However, the fact that the caption of the petition contained directions to serve the registered agent of the named defendant might cause one to conclude that that party is a corporation.

The record proves that service was had on Louis Leve as Registered Agent in the usual place of business of the named defendant and in charge of its office. It was in response to this service of process, together

with a copy of the petition in the cause, which caused an Answer to be filed by an attorney who also has filed the Motion for Judgment on the Pleadings in behalf of both the partnership and the corporate defendants which was the reason for this appeal.

From our research we have learned that in the past, courts which have permitted relation back of amendments to the denomination of parties defendant after the running of the statute of limitations have proceeded on one or more of three theories: (1) that neglect of the plaintiff or his attorney in suing the wrong party was excusable, (2) that the defendant had misled plaintiff or "lulled" him into the feeling that he had sued the proper defendant when he had not, or (3) that the party actually sued and the party whom plaintiff meant to sue had sufficient "identity of interest" or were so closely connected that notice to one should suffice to inform the other of a pending claim for relief.

Plaintiff has offered no reason for his failure to ascertain the nature of the legal entity he named as defendant in this case, and with the discovery tools available to him it is difficult for us to conclude that he has any such excuse in the absence of what we have determined constituted a "lulling" of the plaintiff into the feeling that he had sued the proper party when he had not.

We do conclude, however, that this case fits into categories 2 and 3 of those theories upon which courts have permitted the relation back of amendments in the denomination of parties defendants, and we so hold.

We have found no Missouri appellate decisions where Rule 55.33(c) has been applied in the context of this case. We believe it is a case of first impression.

Respondent-defendant cites *State ex rel. Jewish Hospital of St. Louis v. Buder*, 540 S.W.2d 100 (Mo.App.1976) as authority for our denying relief to the plaintiff-appellant. However, this case is distinguishable, both factually and procedurally from the Jewish Hospital case. There, the issue was whether an amended petition seeking damages for wrongful death, filed after the expiration of the two year statute of limitations by a proper party, relates back to an original petition filed prior to the statute of limitations in the name of a party who had no standing to sue. This court held that relation back was barred.

However, in the Jewish Hospital case the capacity to sue issue was raised at the first opportunity by a motion to dismiss directed against the original petition which alleged that the petition contained no allegations sufficient to establish plaintiff's capacity to sue, that it failed to state specifically that the action was one for wrongful death, and that the claim was barred by the statute of limitations. When the motion was called for hearing plaintiff had no counsel and was given thirty days to file an amended petition, and, after the statute had run, she filed a "first amended petition" alleging that she was the duly appointed administratrix of her deceased mother's estate. The Jewish Hospital filed a motion to dismiss directed against this first amended petition, identical in all respects to that it had previously filed against the original petition.

Subsequently, plaintiff filed a second amended petition, this time alleging that she was the duly appointed administratrix of her mother's estate, that her mother died leaving no husband or minor children, and that she and her adult brother were her mother's heirs at law. Again the Jewish Hospital raised the capacity of plaintiff to prosecute the wrongful death claim and the statute of frauds by a motion to dismiss. When the respondent judge indicated that he would overrule this motion unless a writ was obtained ordering him not to, Jewish Hospital applied for the writ which this court granted and made absolute for the reason heretofore stated.

However, as one may clearly detect, the capacity issue in *Jewish Hospital* was raised at the first opportunity as required by Rule 55.13, and the court did not have to consider the process question presented here in arriving at its holding.

Defendant-respondent also relies on *Haney v. Thompson*, 339 Mo. 505, 98 S.W.2d

639 (banc, 1936), a case involving a factual situation strikingly similar to the one here for decision. In *Haney* the original petition named the defendant as "Thompson Brothers Rock Company, a corporation," and after the period of limitations had expired, the petition was amended to allege that the defendants were certain individuals doing business as partners under the name of "Thompson Brothers Rock Company." The court there held that the statute of limitations was a valid defense and that the amendments did not relate back to the time of the filing of the original petition, because the court acquired no jurisdiction over the individual defendants prior to the time they were brought in by process directed against them individually after the amendment.

■ However, we are of the opinion that *Haney* is no longer the law in this state since September 1, 1973, when Rule 55.33(c), adopted by the Supreme Court on January 19, 1973, took effect. Prior to the adoption of Rule 55.33(c) the courts of this state had no Rule on "relation back" and the law on this subject was decisional. *Hawkins v. Hawkins*, 533 S.W.2d 634, 638 (Mo.App. 1976). Our Rule 55.33(c) is derived from Rule 15(c), of the Federal Rules of Civil Procedure as amended in 1966. Rule 15(c), as amended, shifted the emphasis in cases involving amendment of a complaint changing a party and whether said amendment might relate back to the filing of the original complaint so as to avoid the bar of the statute of limitations. The emphasis formerly was whether the court had acquired jurisdiction over the newly named parties. With the adoption of the Rule the question became one of whether that party had notice of the institution of the lawsuit prior to the time the limitations period had expired, so that he would not be prejudiced in maintaining his defense on the merits *and* he knew or should have known, that, but for a mistake concerning the identify of the proper party, the action would have been brought against him. In addition to the foregoing prerequisite, the plaintiff's complaint, as amended, had also to satisfy the requirement of the Rule as it existed prior to the 1966 amendment, that the claim asserted in the amended complaint must have arisen from the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Simmons v. Fenton*, 480 F.2d 133, 136–137[1, 3] (7th Cir. 1973). The court in *Simmons* pointed out that while state statutes of limitations are frequently geared to the filing of a complaint, Rule 15(c) is geared to notice.

We believe, that in adopting Rule 55.33(c) in identical phraseology of Rule 15(c), the Supreme Court of this state also intended to shift the emphasis in cases of this nature from the question of when jurisdiction attached to whether the parties brought in by amendment enjoyed the same protection afforded by Rule 15(c) to defendants in the federal judicial system.

Due to the fact we have no Missouri appellate decisions on this question we have referred to cases construing Rule 15(c) of the Federal Rules of Civil Procedure from which our Rule 55.33(c) is derived for some guidance.

A number of cases in both the District Courts and the Circuit Courts of Appeal have had occasion to construe Rule 15(c) F.R.C.P. in this context. See 11 A.L.R. Fed. 269, Anno., sufficiency of notice or knowledge required under Rule 15(c)(1)(2) of Federal Rules of Civil Procedure dealing with relation back of amendments changing parties against whom claim is asserted.

In a number of these cases the court has held that by participating in the proceedings and waiting until the statute of limitations has run, the party sought to be impleaded by the amendment to the complaint had, where notice was found, "lulled" the plaintiff into believing it had the proper party in court and no prejudice would flow to the defendant from the granting of the motion to amend. *Adams v. Beland Realty Corporation*, 187 F.Supp. 680 (E.D.N.Y. 1960) [plaintiff sued defendant as a corporation and moved to amend complaint to allege partnership and obtain service of summons on partners]; *Milner v. National School of Health Technology*, 73 F.R.D. 628 (E.D.Pa.1977) [where, in an employment

discrimination action the employee served the statutory notice on a corporate officer which corporation had, subsequent to the employee's discharge and without the employee's knowledge, changed from a sole proprietorship to a corporation]; and *Wynne v. United States*, 382 F.2d 699 (10th Cir. 1967) [suit instituted against defendant as a corporation when, in fact, defendant was a sole proprietorship].

In *Slack v. Treadway Inn of Lake Harmony, Inc.*, 388 F.Supp. 15, 21[7] (M.D.Pa. 1974), the court denied plaintiff's motion to amend but stated that if the party the plaintiffs sought to name in the amendment under Rule 15(c), or the party named in the original complaint, had knowingly allowed the plaintiffs to think they had sued the proper party defendant, or actually misled them as to the identity of the party who should be held responsible, the party being brought in by the amendment would be estopped from asserting a statute of limitations defense.

Defendant-respondent cites a number of cases where the courts in the federal system have refused to permit an amendment of a complaint to substitute a party defendant and permit the amendment to relate back to the original complaint would deprive the substituted party defendant of a defense of the Statute of Limitations. Among the cases cited by the defendant-respondent are: *King v. Udall*, 266 F.Supp. 747 (D.C.D. C.1967); *Jacobs v. McCloskey and Company*, 40 F.R.D. 486 (E.D.Pa.1966); *Phillip v. Sam Finley, Inc.*, 270 F.Supp. 292 (N.D.Va. 1967); *Strauss v. Rex*, 191 F.Supp. 128 (W.D.Pa.1960); *Lomax v. United States*, 155 F.Supp. 354 (E.D.Pa.1957); and *Davis v. L. L. Cohen & Company, Inc.*, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129 (1925). We have researched these cases and find them inapposite to the facts of this case. In each of these cases the question whether the party defendant was the proper party was brought to the attention of the trial court promptly; and in *Lomax*, the trial court commented upon the fact that the plaintiff had waited until nine days before the statute of limitations had run before obtaining service on the defendant and said that had

the defendant filed its answer within those nine days prior to the running of the limitations period thereby "lulling" the plaintiff into believing that his action was properly brought, the court would have been more sympathetic to the plaintiff's appeal.

The Supreme Court of Delaware, in *Mergenthaler, Inc. v. Jefferson*, 332 A.2d 396 (1975) had occasion to consider "Superior Court Rule 15(c)," a Rule identical to Rule 15(c) F.R.C.P., in a case where the plaintiff instituted a suit for personal injuries sustained on March 15, 1969, while a passenger in a bus which was collided with by a bus owned by an individual, Lawrence E. Mergenthaler, who was doing business as Mergenthaler's Bus Service, naming as defendant "Mergenthaler Inc., a Delaware corporation." The complaint was filed on March 12, 1971, and Mr. Mergenthaler was served with process on March 16, 1971. Sometime after the collision and before the complaint was filed, the sole proprietorship was incorporated. It was undisputed that the corporate entity was not in existence when the complaint was filed. Plaintiff was granted leave to amend the complaint and add the predecessor entity—Mergenthaler's Bus Service—and Mr. Mergenthaler, individually, as defendants, and to relate back the amendment to the date on which the complaint had been filed. The Delaware statute of limitations in such cases was a two year limitation.

On appeal, the trial court was reversed and the cause was remanded with directions to give the plaintiffs an opportunity to show that the notice requirements were met and, in any event, without prejudice to the plaintiff's claim that the corporate defendant assumed the obligation of its predecessor.

The same court, in *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209 (1974) applied the same Superior Court Rule 15(c) to a case wherein the plaintiff filed his complaint against a motorcycle manufacturer and "David P. Trainer t/a Delaware Cycle Center" from whom he allegedly purchased a motorcycle which he was operating on May

19, 1970, when he sustained the injuries for which he sought damages by reason of a malfunction of the motorcycle. Plaintiff filed his petition approximately six weeks prior to the running of the statute of limitations. Trainer filed an answer alleging that he did not trade as Delaware Cycle Center and had not sold a motorcycle to the plaintiff; he also filed a motion for summary judgment accompanied by an affidavit stating that at the time of the sale of a motorcycle to the plaintiff he was an officer of the Delaware Cycle Center, Inc., a Delaware corporation, which had been incorporated June 6, 1968, and that at no time since the formation of the corporation had he traded as Delaware Cycle Center, nor sold a motorcycle to the plaintiff. Plaintiff thereupon sought to substitute Delaware Cycle Center, Inc., for David T. Trainer t/a Delaware Cycle Center by amendment of the complaint pursuant to the authority of Superior Court Rule 15(c). He filed an affidavit stating that prior to commencing the action he had contacted the office of the Secretary of State, Corporations Division, and was "erroneously informed" that no corporation by the name of Delaware Cycle Center, Inc., existed at that time. The trial court denied plaintiff's motion and granted Trainer's motion for summary judgment.

In reversing the judgment of the trial court, the Delaware Supreme Court held that the prerequisites of Rule 15(c) had been satisfied because (1) the claim asserted in the amended pleading arose out of the "conduct, transaction, or occurrence" alleged in the original complaint and "beyond doubt Delaware Cycle Center, Inc., received such notice of commencement of the action that it will not be prejudiced in defending on the merits, for if the suit had been brought against the corporation, service on Trainer, its president, would have been valid. . . . Further, since Trainer actually received notice of commencement of the action, the corporation 'knew or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against' it."

The *Mergenthaler* opinion, written by the same justice who had written the *Annone*

opinion, distinguished the *Annone* holding on the grounds that in the *Mergenthaler* case there was nothing in the record to show that notice of institution of the action, "i. e., the finding of the lawsuit," was given within the statutory period to the "defendants to be brought in." The basis for this distinction is that in *Annone* a corporation was in existence at the time the complaint was filed and service was obtained on its president; in *Mergenthaler*, when the complaint was filed there was no corporation in existence and there could be no service on any officer or registered agent of said corporation. The court was unwilling to hold that service on Mr. Mergenthaler on March 16, 1971, for the non-existent corporation was sufficient to satisfy the notice requirements of Rule 15(c) with respect to himself as an individual or the predecessor "entity" under which he was conducting his bus business, "Mergenthaler's Bus Service."

As we view this case, inasmuch as the corporate defendant was not in existence at the time this suit was instituted and service obtained on Louis Leve, a partner in the partnership doing business as the named defendant "Century Supply Company," the entry of appearance by Mr. Friedman on behalf of the named defendant, without any indication on his part as to whom he was representing, constituted a general appearance on behalf of the partnership. It was impossible for him to represent a non-existent corporation. We are cognizant of the absence of any contention by the partnership that Mr. Friedman did not represent them at the time he filed the pleadings in the initial cause of action on the 25th of April, 1970. This charade was continued when plaintiff-appellant instituted this present suit by filing a petition alleging the same cause of action against the Century Supply Company on June 13, 1970, at which time the corporation still had not come into existence. It is a reasonable inference that if Mr. Friedman represented anyone, he represented the partnership doing business under that name. In the absence of any evidence to the contrary, we believe the notice essential to authorize the

amendment pursuant to the saving provisions of Rule 55.33(c) have been satisfied.

We further conclude that by his failure to challenge the capacity in which the defendant was sued as required by Rule 55.13 and proceeding through these many months while the statute of limitations would have run, counsel for the defendant-respondents lulled the plaintiff into a feeling that he had sued the proper party defendant. Counsel continued said "lulling" until the running of the statute of limitations would have barred plaintiff-appellant's claim.

 Insofar as bringing in the corporate entity is involved in our holding, we believe that the third theory mentioned above justifies our holding that summary judgment was not a proper remedy in this case in the state of the record. We believe, as we shall hereinafter show, that the "identity of interest" theory is applicable to the facts of this case or at least there is a viable issue of fact whether, as plaintiff-appellant has alleged in his amended petition, the corporate defendant has succeeded to the liabilities, if any, of the partnership.

We discern from the record on appeal that essentially this same group of individuals have conducted this same business, initially under the name Century Plumbing Supply Company after its incorporation in August, 1938, until October 19, 1942. At that time they registered the name Century Supply Company with the office of the Secretary of State pursuant to the requirements of the Fictitious Name Act and conducted the business under that name. Four of the five persons doing business under that name (all but Clara Leve) again registered the name Century Supply Company on May 11, 1949; in each instance the place of business was 1107–09 Franklin Avenue, St. Louis, Missouri.[2] The letters to the office of the Sheriff of the City of St. Louis in 1964 and 1965, over the signature of Louis Leve, afford evidence that the Century Supply Company doing business at that time was "formerly known as Century Plumbing Supply Company." The extant corporation, Century Supply Company, was not incorporated until December 28, 1970, some ten months after the institution of the original suit and approximately six months after the institution of this lawsuit, and after service on Louis Leve as "registered agent" in each case. Despite the fact the defendant-respondents' counsel of record filed the Certificate of Incorporation of Century Supply Co. with the trial court in support of their motion for judgment on the pleadings, we note that he did not file the Articles of Agreement of said corporation wherein the names of the incorporators would appear so that the trial court could ascertain the persons who incorporated the corporate defendant-respondent and thereby determine if they were the same persons who admittedly conducted the partnership business under the same name.

Plaintiff-appellant has alleged in his Third Amended Petition, Paragraph 14, that the corporate defendant has succeeded to all of the interests, rights, liabilities and obligations of the partnership under his agreement with Century Supply Company. We conclude that these allegations, together with the other items of evidence set out above, present an issue of fact whether the corporate defendant is the successor to the partnership which the defendant-respondents contend was doing business under the name Century Supply Co., and whether the corporation by the same name is a successor in interest which might be subject to any liability under the quantum meruit theory; therefore the trial court erred in sustaining defendant-respondents' motion. Rule 74.-04(h).

Judgment of the trial court is reversed and the cause is remanded.

All Judges concur.

---

2. At the time plaintiff-appellant's Third Amended Petition was filed Franklin Avenue had been renamed Martin Luther King Drive.