Betty J. HESS and William J. Tiedman, Plaintiffs,

v.

Ellen L. CARMINE, Margaret R. and William C. Carmine, Major Donuts, Inc., a Delaware Corporation, William R. Schneider, and Nationwide Mutual Insurance Company, a Foreign Corporation doing business in the State of Delaware, Defendants.

Superior Court of Delaware,
New Castle.

Submitted Nov. 3, 1978.

Decided Dec. 5, 1978.

L. Vincent Ramunno, Wilmington, for plaintiffs.

David C. McBride, of Bayard, Brill & Handelman, P. A., Wilmington, for defendants William C. and Margaret R. Carmine and Nationwide Mut. Ins. Co.

Warren B. Burt, of Prickett, Ward, Burt & Sanders, Wilmington, for defendants Major Donuts, Inc. and William R. Schneider.

O'HARA, Judge.

This is a personal injury action stemming from a motor vehicle mishap on November 6, 1975. Plaintiffs, Betty J. Hess and William J. Tiedman, were seated in a Dunkin' Donuts store on the Kirkwood Highway, when an automobile driven by defendant Ellen L. Carmine (a minor) came through the front glass wall. On May 6, 1977, plaintiffs instituted suit against Ellen, her parents individually, Major Donuts, Inc., and William R. Schneider. The complaint was amended to add Nationwide Mutual Insurance Company as a defendant on September 30, 1977.

Four motions are before the Court. Defendants, William C. and Margaret R. Carmine, (parents of Ellen), move for summary judgment. Defendant, Nationwide Mutual

Insurance Company, moves to sever the claim against it. Plaintiffs move to amend the complaint to substitute General Donuts, Inc. for Major Donuts, Inc. as corporate defendant, and ask that the amendment relate back to May 6, 1977. Major Donuts, Inc. moves to dismiss the claim against it.

## PARENTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs seek to hold the parents of the minor defendant liable under 21 Del.C. §§ 6105 and 6106, which impute negligence *to persons other than the negligent minor driver.* Defendants argue that the express language of the statutes limits their application to accidents which physically occur *on a highway.* The parties have stipulated that the accident here took place in the parking lot (and building) of Dunkin' Donuts.

This Court held in *Markland v. Baltimore and Ohio Railroad Co.,* Del.Super., 351 A.2d 89 (1976), that §§ 6105–6106 are intended to apply only to accidents which actually occur while the vehicle is being operated by the minor upon a highway. "Highway" is defined by 21 Del.C. § 101(12) to exclude grounds owned by a private person. Although the legislative purpose behind these statutes was clearly to protect a plaintiff injured by a negligent and financially irresponsible minor, the legislature failed to extend this coverage beyond the public highway. *Thompson v. Ryan,* 447 C.A. 1976 (J. Christie, October 3, 1977). The *Thompson* case is on point, and Judge Christie's letter opinion is dispositive of the issue.

## NATIONWIDE'S MOTION TO SEVER

After the initial complaint was filed in this case, but prior to the joinder of Nationwide Mutual Insurance Company ("Nationwide") as a defendant, an enactment barring such action became effective. 21 Del.C. § 2118(f)(4).[1] Plaintiffs argue that the amendment bars joinder of Nationwide, while defendant contends that this would constitute a retroactive application of the new statute.

The question facing the Court was considered in a similar context in *DeAngelis v. Shenk,* 673 C.A. 1977 (J. Bifferato, July 27, 1978), a case cited by Nationwide. The Court held that the attempted joinder of the insurer was barred by § 2118(f)(4), despite the fact that the *cause of action* arose prior to the effective date of the statute. It should be noted that while the complaint (naming the insurer and individual defendant) was filed *after* the effective date of § 2118(f)(4) in *DeAngelis,* the original complaint here (which did not name Nationwide) was filed *before* the effective date of the statute. But in both cases plaintiffs sought to join the insurer as defendant *after* the effective date, and thus the holding in *DeAngelis* should be followed.

This is not a retrospective application. A statute is not made retroactive merely because events related to the cause of action preceded its effective date. *Brown v. Friesleben,* Cal.App., 139 Cal.2d 1, 292 P.2d 952 (1956). Changes in procedural law have been held applicable to existing causes of action. See 2 Sands, Sutherland Statutory Construction 253–254, 281. The effect of such statutes is actually prospective in nature, since they relate to procedures to be followed in the future. See *McBurney v. Carson,* 99 U.S. 567, 25 L.Ed. 378 (1879), where a party was served pursuant to a statute enacted while the suit was pending, and the Court upheld this application as not retroactive.

## MOTIONS TO AMEND AND DISMISS

As previously noted, plaintiffs filed suit on May 6, 1977 against Major Donuts, Inc. ("Major") and William R. Schneider ("Schneider"). The Answer filed on June 8, 1977 denied that Major operated and controlled the Kirkwood Highway Dunkin' Donuts store. Interrogatory responses were filed on September 2, 1977 by General Do-

---

1. "No insurer or self-insurer shall join or be joined in an action by an injured party against a tortfeasor for the recovery of damages by the injured party and/or the recovery of benefits paid by the insurer or self-insurer." (Effective June 2, 1977).

nuts, Inc. ("General"), indicating that Major owned a Dunkin' Donuts store on the Philadelphia Pike. By letter of September 6, 1977, defense counsel informed plaintiffs' counsel that *General* operated the Kirkwood Highway store where the accident took place, and proposed a stipulation of dismissal as to *Major*, with leave to amend the complaint to add *General* as a party defendant. Plaintiffs' counsel, mistakenly believing that the statute of limitations had run, asked that defendant waive the statute as a defense. Defense counsel understandably refused, and the limitation period expired on November 6, 1977, without amendment.

◼ It is clear from the record that Major did not operate the business involved in this action, and thus the Motion to Dismiss should be granted.

Plaintiffs seek to amend the complaint to add General as corporate defendant, and ask that the amendment relate back to the original filing date. They argue that leave to amend should be freely given under Rule 15(a) in the absence of prejudice to the defendant, and that the requirements of Rule 15(c) for relation back of amendments changing parties have been fulfilled. Defendant contends that plaintiffs are barred from amendment due to their "inexcusable neglect".

◼ Under Rule 15(a)[2], justice may not require that leave to amend be freely given if the party seeking to amend has been inexcusably careless, or if the amendment would unfairly prejudice an opposing party.

*Annone v. Kawasaki Motor Corp.*, Del., 316 A.2d 209 (1974). Prejudice, the latter element, is to be tested by the terms of Rule 15(c)[3], and leave to amend which would otherwise be freely given will be given with relation back consequences if the requirements of Rule 15(c) are met. *Id.*

The record shows that defendant Schneider owned as sole shareholder both corporations at all times relevant to this motion. It is also clear that General had notice of this suit, and knew (or should have known) that, but for the mistake in corporate identity, the action would have been brought against it. There has been no showing that General will be prejudiced in defending on the merits, for in fact the corporation has participated in the defense of this action from the outset, despite the misdescription. Where, as here, plaintiffs merely seek to correct a "misnomer", and the intended defendant is before the Court, such corrective amendment relates back. 3 *Moore's Federal Practice* ¶ 15.15, at 15–213 (1978).

◼ Corporations with substantially identical officers, shareholders, or directors, and similar names are said to have an "identity of interest". Although Rule 15(c) cannot be asserted to frustrate the policy of the limitation act, relief should be granted in cases of identity of interest. *Williams v. Pennsylvania R. Co.*, D.Del., 91 F.Supp. 652 (1950).

The findings of adequate notice and lack of prejudice do not end this inquiry how-

---

**2.** "(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the Court otherwise orders."

**3.** "(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

ever, for the Court must determine if plaintiffs have been "inexcusably careless" in failing to file a timely motion to amend. If plaintiffs' own inexcusable neglect was responsible for the failure to name the correct party, amendment will not be allowed, notwithstanding adequate notice to the new party. 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1498, at 516 (1971). Although allegations of excusable neglect continue to be proper considerations under Rule 15(c), the issue is more closely related to the exercise of discretion under Rule 15(a). *Id.*

The general rule is that a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. *Id* at 438. Although plaintiffs here have been guilty of unnecessary delay, there is no evidence of improper motive or prejudice to defendant, and delay alone is insufficient reason to deny leave to amend. *Id.* In the absence of oversight or excusable neglect, leave to amend has been denied where the moving party knew of the facts on which the proposed amendment was based, but omitted the necessary allegations from the *original* pleading. *Id.* At the time the original complaint (against Major) was drafted, plaintiffs had reason to believe [4] that Major was the proper defendant. There is no evidence that plaintiffs were aware, at the time of the original filing, that *General* owned the Kirkwood Highway store.

Some Courts have decided the motion on the basis of the reason given for inaction, and have given leave to amend only where the delay was excusable and not excessive. *Id.* Plaintiffs' counsel did respond (by telephone call of September 13, 1977) to the September 6 letter from defense counsel. His subsequent inactivity was apparently the product of a mistaken belief (attributed to clerical error) that the statute of limitations had run and amendment would be futile.

Under the general standard enunciated by the U. S. Supreme Court, leave to amend under Rule 15(a) should be freely given unless there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In this case, plaintiffs' counsel was guilty of a serious, though apparently inadvertent, delay. In determining whether the delay was "undue", this Court cannot fail to consider the three criteria of Rule 15(c), the resulting lack of prejudice, and the fact that merely a label, not a party, is sought to be replaced. Plaintiffs have *not* been guilty of such conscious disregard which, in the absence of any prejudice to defendant, can be termed "inexcusable neglect". It is the Court's conclusion that leave to amend the complaint to add General Donuts, Inc. as a party defendant should be granted, with the amendment relating back to the date of original filing.

For the reasons set forth herein, it is the Court's conclusion that the motion of defendants William C. and Margaret R. Carmine for summary judgment should be granted; Nationwide Mutual Insurance Company's motion to sever the claim against it should be granted; the motion of Major Donuts, Inc. to dismiss the claim against it should be granted; and plaintiffs' motion to amend the complaint to add General Donuts, Inc. should be granted, with relation back to the original filing date, May 6, 1977.

IT IS SO ORDERED.

---

4. At the time of the original complaint, plaintiffs were in receipt of two letters, Exhibits A and B of their opening brief on Motion to Amend. The letters, both in regard to insurance claims of plaintiffs, (erroneously) list *Major* Donuts, Inc. as the insured.