# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CNH INDUSTRIAL AMERICA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N12C-07-108 EMD CCLD |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CASUALTY COMPANY | ) | TRIAL BY JURY OF TWELVE |
| OF READING, PENNSYLVANIA, *et al.*, | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: October 17, 2016
Decided: November 2, 2016

## MEMORANDUM OPINION

*Upon Consideration of on Defendant The Travelers Indemnity Company's*
*Motion to Vacate or Revise Prior Orders*
***DENIED IN PART AND STAYED IN PART FOR FURTHER BRIEFING***

Brian M. Rostocki, Esquire, and John C. Cordrey, Esquire, Reed Smith LLP, Wilmington, Delaware and James M. Davis, Esquire, Thomas A. Marrinson, Esquire, Evan T. Knott, Esquire, and Emily E. Garrison, Esquire, Reed Smith LLP, Chicago, Illinois. *Attorneys for CNH Industrial America LLC.*

Neal J. Levitsky, Esquire, and Seth A. Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware and Richard L. McConnell, Esquire, and Dale E. Hausman, Esquire, Wiley Rein LLP, Washington, DC. *Attorneys for Travelers Indemnity Company.*

**DAVIS, J.**

This 2nd day of November, 2016, upon consideration of Defendant The Travelers Indemnity Company's Motion to Vacate or Revise Prior Orders (the "Motion") filed by Defendant The Travelers Indemnity Company ("Travelers"); CNH Industrial America LLC's Response in Opposition to Defendant The Travelers Indemnity Company's Motion to Vacate or Revise Prior Orders (the "Opposition") filed by Plaintiff CNH Industrial America LLC ("CNH"); Defendant The Travelers Indemnity Company's Reply Brief in Further Support of Its Motion to Vacate or Revise Prior Orders (the "Reply") filed by Travelers; all exhibits and attachments to

the Motion, the Opposition and the Reply; the arguments made by the parties at the hearing held by the Court on October 17, 2016; the Opinion and Order of Special Discovery Master decided on July 20, 2016 ("Special Master Decision"); the May 13, 2016 Order granting in part and denying in part Plaintiff CNH Industrial America LLC's Motion for Leave to File a Second Amended Complaint (the "Leave to Amend Order"); and the Court's previous decision on choice of law issued from the bench on May 18, 2015 (the "Decision"), the Court finds and holds as follows:

## APPLICABLE LEGAL STANDARD

Superior Court Civil Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the Court may direct the entry of a final judgment upon one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*[1]

The Court's power to vacate or revise is to be exercised as a matter of discretion where justice requires.[2] The United States District Court for the District of Delaware has recognized that, under Delaware law, the discovery of new evidence that would alter an earlier ruling is a basis for revising a non-final order under Federal Rule 54(b).[3]

---

[1] Super. Ct. Civ. R. 54(b)(emphasis added).

[2] *Modlin v. Iselin*, 1986 WL 202, at *1 (Del. Ch. Jun. 5, 1986) (interpreting Chancery Court Rule 54(b)).

[3] *Proctor & Gamble Co. v Paragon Trade Brands, Inc.*, 15 F.Supp.2d 406, 415, n.8 (D. Del. 1998). Delaware Courts rely on authority from federal courts to interpret Rule 54. *See Johnson v. Preferred Prof'l Ins. Co.*, 2015 WL 413608, at *5 (Del. Super. Jan. 28, 2015).

## DISCUSSION

In its Motion, Travelers asks the Court to vacate its orders on choice of law, assignment, duty to defend and defense costs, and allowing CNH to amend its complaint to add a bad faith claim against Travelers. Travelers contends newly discovered evidence, which CNH allegedly withheld, and the deposition testimony of CNH's 30(b)(6) representative and James Dorion, Senior Vice President at Marsh USA, Inc. ("Marsh"), show there are still material issues that either warrant new briefing or revising the existing orders so that the orders find in Traveler's favor.

As set forth below, the Court finds and holds that this new evidence does not alter its earlier rulings on the issues of choice of law, assignment, and duty to defend. After reviewing the briefing on the Motion, the Leave to Amend Order, and the Special Master Decision, the Court has determined additional briefing is necessary on whether the Leave to Amend Order should be vacated. The Court will stay that briefing and address appropriate scheduling until the Rule 16 conference that is to be held on CNH's bad faith claim after the conclusion of the December 5, 2016 trial.[4]

The Decision did not "critically" rely upon the assumption that Tenneco was merely a holding company or that Marsh did not negotiate or handle the Travelers policies outside of Texas. A closer reading of the Decision shows that the Court contemplated suits against Tenneco on products manufactured by J.I. Case, and assumed that the Travelers Policies were mostly negotiated out of Texas.[5] Travelers also provides what it contends are new facts regarding what CNH, Marsh, and others believed in 2008 or later regarding applicable policies,

---

[4] *See* Leave to Amend Order at ¶20.
[5] Decision at 13:11-22; 18:3-4; 21:15-23; and 26:1-17.

3

assignment and alike. The Court does not find these relevant to the legal determinations regarding choice of law, assignment, or duty to defend and defense costs.[6]

Utilizing Sections 6, 188, and 193 of the Restatement (Second) of Conflicts of Law[7] and relevant Delaware law,[8] the Court found more significant the fact that (i) this is a complex insurance case with multiple insureds; (ii) the Travelers Policies did not contain a choice of law provision; (iii) J.I. Case is a named insured under the Travelers Policies; (iv) J.I. Case's principal place of business was in Wisconsin; and (v) the risk of loss and situs of the insured was in Wisconsin.[9] Accordingly, the Court finds and holds that the ruling issued on May 18, 2015 – *i.e.*, the Decision – remains the same: Wisconsin law applies in this civil action even with the new evidence provided by Travelers in the Motion.

Because Wisconsin law continues to apply, the Court will not vacate its orders on choice of law, assignment, and duty to defend and defense costs.

In addition, the Court will not, at this time, vacate its decision to allow CNH to amend its complaint to add a bad faith claim against Travelers. After argument, the Court understands Travelers' position that the evidence in this civil action will not support a bad faith claim by CNH against Travelers. That may or may not be true. However, the Court did not decide to allow CNH to amend its complaint to add a bad faith claim against Travelers solely on the strength of the claim. Instead, the Court utilized Superior Court Civil Rule 15(a) to determine whether to allow CNH to amend its complaint.[10]

---

[6] *See also* Special Master Decision at pp. 12, 13-14.
[7] *See, e.g., id.* at 10:6-20; 11:5-21; and 19:14-24:19.
[8] *Liggett Group Inc. v. Affiliated FM Ins. Co.*, 788 A.2d 134 (Del. Super. 2001); *Monsanto Co. v. Aetna Cas. & Sur. Co.*, C.A. No. 88C-JA-118 (Del. Super. Oct. 29, 1991); *see also* Decision at 6:6-7:17; 11:22-12:6; 14:8-15:23; 17:18-23; and 24:20-21.
[9] Decision at 16:1-17:12; 17:15-23; and 26:1-17.
[10] Leave to Amend Order at ¶1.

4

Under Superior Court Civil Rule 15(a), a party may amend a pleading by agreement of all parties or by leave of Court.[11] Delaware Courts generally liberally grant motions to amend, but it is not automatic.[12] Denial may be permitted when there is evidence of undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies, or prejudice.[13] The Court may also consider the proposed amendment's impact on a scheduled trial date.[14]

Utilizing these factors, the only new relevant facts on those issues are the ones relating to CNH's discovery violations and whether they demonstrate undue delay, bad faith or dilatory motive on the part of CNH. The Court understands that the Special Discovery Master sanctioned CNH for discovery violations. The Court, however, notes that the Special Discovery Master did not recommend dismissal of any claims due to those violations, finding only that CNH was either negligent or grossly negligent.[15]

This does not end the inquiry. The Court granted CNH leave to amend its complaint to add the bad faith claim but, in doing so, the Court raised concerns. Paragraph 18 of the Leave to Amend Order provides:

> The Court is concerned with CNH's delay in raising the bad faith claim against Travelers. CNH filed this lawsuit in 2012. Trial is scheduled for December 5, 2016. CNH admits it had believed that Travelers was acting in bad faith since the inception of this civil action. CNH, however, did not move to add the bad faith claim until February 2016, eight months after confirming Travelers' alleged bad faith behavior. Moreover, CNH filed the Motion after the Court directly asked the parties if there were any matters potentially affecting the December 2016 trial date at the January 7, 2016, trial scheduling conference.[16]

The Court also recognized "...the merit of Travelers' undue delay and prejudice arguments."[17]

---

[11] Super. Ct. Civ. R. 15(a).
[12] See, e.g., Sokol Holdings, Inc. v. Dorsey & Whitney, LLP, 2010 WL 59930, at *2 (Del. Super. Feb. 19, 2010) (Parkins, J.).
[13] Hess v. Carmine, 396 A.2d 173, 177 (Del. Super. 1978).
[14] See, e.g., Spady v. Keen, 2006 WL 2559853, at *3 (Del. Super. Aug. 25, 2006) (Silverman, J.).
[15] See Special Master Decision at 23 and 24-25.
[16] Leave to Amend Order at ¶18.
[17] Id. at ¶20.

The new evidence raised by Travelers in the Motion could have been helpful to the Court when it decided to allow CNH leave to amend its complaint – *i.e.*, whether CNH's conduct demonstrates undue delay, bad faith or dilatory motive. According to the Special Masters Decision and the Motion, CNH may have had access to these facts before May 13, 2016 when the Court issued the Leave to Amend Order. Could these facts demonstrate that CNH acted with undue delay, bad faith or dilatory motive? Unfortunately, the Motion, the Opposition and the Reply fail to address the new evidence (and CNH's failure to provide it) in the context of the legal standards that apply to Superior Court Civil Rule 15(a). Instead, the parties focus on the merits of the bad faith claim and the procedural time to address the merits of the bad faith claim (*e.g.*, on summary judgment). Therefore, the Court is staying its decision on whether to vacate the Leave to Amend Order pending further briefing on the issue which briefing will commence after the December 5, 2016 trial, and only upon a schedule set by the Court.

Because the decision to vacate the Leave to Amend Order is not crucial to the issues to be tried beginning on December 5, 2016, *THE COURT DOES NOT WANT ANY PARTY TO FILE ANY SUPPLEMENTAL BRIEFS ON THIS MATTER UNTIL AFTER THE COURT SETS ISSUES TO BE BRIEFED AND A BRIEFING SCHEDULE AT THE RULE 16 CONFERENCE TO BE HELD AFTER THE DECEMBER 5, 2016.*[18]

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion is **DENIED in part and STAYED in part** as set forth in this Order.

Eric M. Davis, Judge

---

[18] The Court wants the parties to focus on the issues to be tried, and the Court reserves the right to sanction any party that files a supplement brief without leave of the Court prior to the entry of a supplemental briefing schedule.

6