# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BURTON WEINSTEIN, CAROLE NIMEROFF, CEDARVIEW OPPORTUNITIES MASTER FUND, JEFFREY SCHNAPPER, NIGEL GREGG and WILLIAM SHEPPARD,

        Plaintiffs,

        v.

LUXEYARD, INC., a Delaware Corporation, and AMIR MIRESKANDARI,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N18C-04-043 MAA

Submitted:  March 3, 2020
Decided:  March 23, 2020

Defendant Luxeyard, Inc.'s Motion to Amend its Answer:
**Denied.**

Defendant Luxeyard, Inc.'s Motion for Leave to Extend Certain Deadlines:
**Granted.**

## MEMORANDUM OPINION

Julia B. Klein, Esquire, KLEIN, LLC, Wilmington, Delaware, Attorney for Plaintiff.

Ann M. Kashishian, Esquire, KASHISHIAN LAW, LLC, Wilmington, Delaware, Attorney for Defendant.

**Adams, J.**

Pending before the Court is Defendant LuxeYard, Inc.'s ("LuxeYard") Motion to Extend Certain Deadlines ("Motion to Extend Deadlines") and Amend its Answer ("Motion to Amend"). For the reasons stated herein, LuxeYard's Motion to Amend is DENIED and its Motion to Extend Deadlines is GRANTED.

**Facts**

Plaintiffs filed their Complaint on April 5, 2018 "to enforce payment of the unpaid principal and interest balances due on account of certain notes LuxeYard issued to Plaintiffs between April 17 and April 19, 2012 (the "Promissory Notes")." Plaintiff also brought a claim for intentional misrepresentation against Defendant Amir Mireskandari ("Mireskandari"), one of the founders of LuxeYard, "because he deliberately misrepresented to [Plaintiffs] material facts related to their Promissory Notes."

On June 25, 2018, LuxeYard filed its Answer to the Complaint. The Answer included many admissions, including the entirety of Count I – the only count asserted against Luxeyard. The sole affirmative defense asserted was for the statute of limitations. LuxeYard filed an affidavit with the Answer, signed by Mr. Mireskandari. Among other things, the affidavit stated that "[t]he responses of Luxeyard to the allegations of the Complaint in the above-captioned action are true and correct."

1

Also on June 25, 2018, Mr. Mireskandari filed a motion to dismiss pursuant to Superior Court Civil Rules 12(b)(1) and 12(b)(6) (the "Motion to Dismiss"). The Court granted Mr. Mireskandari's Motion to Dismiss on August 23, 2018.

On June 29, 2019, LuxeYard propounded its First Set of Interrogatories and Request for Production of Documents upon Plaintiffs. Plaintiffs responded to the discovery requests on September 6, 2019.

On February 11, 2019, LuxeYard's counsel, Finger & Slanina, LLC, moved to withdraw as counsel for LuxeYard (the "First Motion to Withdraw"). In support of the First Motion to Withdraw, counsel stated that "[c]ommunication problems between counsel and Defendants have arisen with no indication of any improvement in such communications, making it difficult [for the attorneys] to perform competently," and that "Defendants have not met their professional obligations to counsel." Counsel subsequently filed a Substitution of Counsel withdrawing Finger & Slanina and entering the appearance of Frank E. Noyes and G. Kevin Fasic of Offit Kurman, P.A.

On April 16, 2019, the Court entered Trial Scheduling Order setting the following pertinent deadlines: (1) a 3-day jury trial to begin March 23, 2020; (2) discovery cut-off of November 22, 2019; and (3) filing of dispositive and *Daubert* motions by January 10, 2020. The Trial Scheduling Order included the following language in bold lettering: **"Counsel are advised that all of the deadlines**

2

**established by this Trial Scheduling Order are firm deadlines. Failure to meet these deadlines, absent good cause shown, likely will result in the Court refusing to allow extensions regardless of the consequences. Amendments to this Trial Scheduling Order must be by Order of the Court on appropriate motion or stipulation of the parties."**

On September 16, 2019, Offit Kurman moved to withdraw as counsel for LuxeYard (the "Second Motion to Withdraw"). In support of the Second Motion to Withdraw, Offit Kurman stated that "[c]ommunication problems between counsel and Defendant have arisen with no indication of any improvement in such communications, making it difficult for Movants to perform competently;" and that "[LuxeYard] has not met its professional obligations to counsel, including the obligation to pay invoices as required under the Engagement Letter."[1] The Court granted the Second Motion to Withdraw on October 24, 2019. In doing so, the Court ordered LuxeYard to notify the Court by December 3, 2019 of its successor counsel.

On December 5, 2019, counsel for Plaintiffs wrote to the Court indicating that LuxeYard's out of state counsel requested a "one time extension of up to two weeks"

---

[1] Around the same time, Offit Kurman moved to withdraw for the same reasons from an action in the Court of Chancery styled *Allen et al. v. Mireskandari et al.*, C.A. No. 2018-0213-KSJM. The Court of Chancery stated its willingness to grant this request on the condition that the Defendants be "advised of severity of situation and substitute counsel must be entered within ten days to avoid default judgment." (Transaction ID 64298677). The parties later dismissed the action voluntarily on November 19, 2019. (Transaction ID 64446093).

to retain new Delaware counsel. Because this was unopposed, the Court granted this request and ordered LuxeYard to "inform the Court as to how they intend to proceed in this matter and to notify the Court regarding securing Delaware counsel" by December 30, 2019.

On January 15, 2020, counsel for Plaintiffs wrote to the Court indicating that she had heard from two separate (non-Delaware) attorneys regarding the status of the action (including one offering a settlement proposal on Christmas Eve). After that, Plaintiffs' counsel did not hear from any counsel purporting to represent LuxeYard until January 13, 2020 when Ann Kashishian, Esquire advised Plaintiffs' counsel she had been retained as Delaware counsel for LuxeYard.

On January 15, 2020 Ms. Kashishian filed her entry of appearance on behalf of LuxeYard. On January 16, 2020, the Court ordered the parties to confer and submit a revised trial scheduling order by January 30, 2020.

On January 30, 2020, the parties filed competing letters regarding their perspective as to why the meet and confer process failed. LuxeYard, in its letter, indicated that it wished to amend its answer and requested that the discovery period be re-opened. Plaintiffs opposed these requests.

At the request of the Court, on February 17, 2020, LuxeYard filed the motions at issue – the Motion to Extend Deadlines and Motion to Amend. The Court heard oral argument on February 20, 2020. During this hearing, the Court ordered

4

LuxeYard to file its proposed amended answer, with a redline of the proposed changes (in accordance with Superior Court Civil Rule 15(aa)), in order to enable the Court and Plaintiffs to review the proposed changes.

LuxeYard filed the proposed First Amended Answer and redline on February 21, 2020. On March 3, 2020, Plaintiffs filed their Response in Opposition to the Amended Answer.

**Standard of Review – Motion to Amend**

The analysis on a motion to amend must begin with the language of Rule 15(a). Superior Court Civil Rule 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party." Although freely given, "justice may not require that leave to amend be freely given if the party seeking to amend has been inexcusably careless, or if the amendment would unfairly prejudice an opposing party."[2] Stated another way, "[a]lthough the Court is generally liberal in granting motions to amend, permission is not automatic."[3] The Court will not permit an amendment where there is "evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice,

---

[2] Del. Super. Ct. Civ. R. 15(a).
[3] *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, 2010 WL 599330, at *2 (Del. Super. Feb. 19, 2010) (citation omitted).

5

futility, or the like."[4]  The decision to allow or deny an amendment is within the discretion of the Court.[5]

**Analysis – Motion to Amend**

The Court finds that LuxeYard has failed to meet any of the requirements of Rule 15(a).  A key starting point to this analysis is LuxeYard's original Answer, filed *nearly two years ago* on June 25, 2018.  In that Answer, LuxeYard **admitted** to every allegation in Count I for breach of contract.  In fact, the only real defense LuxeYard mounted was for the statute of limitations.[6]  It is important to note that LuxeYard filed a sworn affidavit signed by Mr. Mireskandari in support of its Answer attesting that "[t]he responses of Luxeyard [sic] to the allegations of the Complaint in the above-captioned action are true and correct."  LuxeYard was not required to file this affidavit pursuant to the Superior Court Rules of Civil Procedure, but rather did so voluntarily.

Given the admissions in the Answer, supported Mr. Mireskandari's affidavit, Plaintiffs did not propound any written discovery.   Mr. Mireskandari was subsequently successful in having the case against him dismissed.  With LuxeYard's interest in the case apparently waning after Mr. Mireskandari's dismissal, two sets

---

[4]     *Hess v. Carmine*, 396 A.2d 173, 177 (Del. Super. 1978).
[5]     *Pettit v. Country Life Homes, Inc.*, 2005 WL 3194392, at *1 (Del. Super. Nov. 29, 2005).
[6]     LuxeYard did not claim that the Complaint failed to state a claim upon which relief could be granted.

6

of Delaware counsel withdrew their appearance on the grounds of "communication problems" and LuxeYard's failure to meet its professional obligations to counsel, including failure to pay their legal fees.

Then, after LuxeYard continued to string Plaintiffs along for two months after Offit Kurman's withdrawal with the possibility of settlement,[7] and after failing continuously to meet the Court's repeated requests for a status update regarding representation for LuxeYard,[8] LuxeYard finally obtained its third Delaware counsel on January 15, 2020. The Court subsequently requested that the parties discuss the scheduling order in this matter and submit, if necessary, a revised trial scheduling order by January 30, 2020.[9]

The parties, however, could not agree on a schedule because LuxeYard wished to re-open discovery (despite the fact that discovery in this matter closed on November 22, 2019) and also wished to amend its Answer well after the May 10,

---

[7] *See* Transaction ID 64490793 ("Defendants' out of state counsel[] reached out to me," and "informed me that, despite diligent search, he has thus far been unable to secure Delaware counsel and inquired whether Plaintiffs would oppose a brief further extension to do so."); Transaction ID 64625409 ("I have been contacted by three sets of attorneys purporting to represent Defendant Luxeyard Inc., since the Court's entry of an order permitting counsel for Defendant to withdraw…and have received a different story each time," including a settlement proposal on December 24, 2019).

[8] *See* Transaction ID 64502572 (ordering Defendants to find Delaware counsel by December 30, 2019 and provide an update to the Court at that time); Transaction ID 64625409 (referring to Court's email requesting status update by January 10, 2020).

[9] Transaction ID 64627673.

2019 deadline, despite a sworn affidavit indicating that its answers were true and correct. After the Court requested that LuxeYard put its request in the form of a motion, it still failed to provide a copy of the proposed amended complaint to the Motion to Amend, leaving Plaintiffs (and the Court) in the dark as to what it intended to amend. Oral argument did not provide additional clarity, and the Court requested that LuxeYard file the proposed amended answer and redline by February 21, 2020. When LuxeYard finally provided the proposed First Amended Answer, it became clear that it was LuxeYard's intent to have a "do over," changing nearly all of its "admitted" responses to "denied" and adding *eleven* affirmative defenses.[10]

The Court finds that the above actions taken by LuxeYard are evidence of bad faith and cannot be countenanced. The most egregious is the fact that LuxeYard filed its Answer nearly two years ago – supported by a sworn affidavit – admitting all of the allegations in the breach of contract count against it. To come before the Court now requesting that the Court grant a motion to amend where all of those allegations that were "Admitted" are changed to "Denied" *and* adding eleven affirmative defenses cannot pass the straight face test.[11]

---

[10] Although not clear from the filings in this case, there appears to be some suggestion that Brian Keller, Esquire from Houston, Texas has been representing LuxeYard for some time. (*See* Transaction ID 64625409). The Court granted Mr. Keller's Motion for Admission *pro hac vice* on February 18, 2020.

[11] Although not raised by Plaintiffs, the Court also finds that the affirmative defenses not raised in the original Answer are waived. *See* Super. Ct. Civ. R. 8(c). Neither of the recognized exceptions to this rule, (1) "where it is impossible to

8

The Court will deny the Motion to Amend for the additional reasons of undue delay, dilatory motive and extreme prejudice to Plaintiffs. Motions to Add or Amend were due in May 2019. Discovery closed in November 2019. Offit Kurman never moved to amend the Answer and did not make a request for the deadline for such a motion be extended. Although Offit Kurtman moved to withdraw as counsel in September 2019, it did not request that any discovery deadlines (or any other deadlines for that matter) be moved on LuxeYard's behalf, and LuxeYard's non-Delaware counsel did not make any such request to Plaintiffs. The only plausible explanation for this is that LuxeYard wishes to manipulate the Court process in order to delay this action even more.

The amendment would also cause extreme prejudice to Plaintiffs. The Plaintiffs, understandably, did not propound any written discovery – because they did not need to. LuxeYard admitted the allegations against them and the case should have proceeded to trial in swift action. LuxeYard, now on its third set of Delaware counsel, has apparently now "seen the light" and wishes to change completely the course of this litigation. The Court has already found that LuxeYard's actions were taken in bad faith. The Court's Trial Scheduling Order made clear that the deadlines

---

determine issues of the defendant's negligence and proximate cause without considering the actions of the plaintiff;" and (2) "when evidence of an unpled affirmative defense is admitted without objection" apply. *James v. Glazer*, 570 A.2d 1150, 1153-54 (Del. 1990).

9

contained therein were firm deadlines and that failure to meet the deadlines, "**absent good cause shown, likely will result in the Court refusing to allow extensions regardless of the consequences**." Given LuxeYard's failure to justify its delay (let alone show good cause to support such a delay), it appears that LuxeYard's motive in waiting so long to amend its Answer is to drive up unnecessarily Plaintiff's costs and prejudice Plaintiffs in this action. This "deliberate delay is fatal to their motion for leave to amend."[12]

## The Motion to Extend Deadlines

Trial in this action was scheduled to begin March 23, 2020. For obvious reasons, this date is no longer attainable. Given the current circumstances, the Court will set trial in this action for a 3-day jury trial beginning July 20, 2020. The following remaining dates shall govern this action:

1. Motions *in Limine* – June 10, 2020 (responses due within seven business days);

2. Pre-Trial Stipulation – June 24, 2020 (failure to comply with this deadline may result in sanctions being imposed upon the responsible party or parties);

3. Pre-Trial Conference – July 8, 2020 at 11:00 a.m.;

4. Final Trial Status Report – July 15, 2020; and

5. Jury Instructions – July 17, 2020.

---

[12] *Sokol Holdings, Inc.*, 2010 WL 599330, at *2.

All terms and conditions for the above dates that were included in the original Trial Scheduling Order shall remain.  The parties shall submit a revised trial scheduling order, with the above dates included, as soon as possible.

For the foregoing reasons, LuxeYard's Motion to Amend is **DENIED** and Motion to Extend Deadlines is **GRANTED**.

**IT IS SO ORDERED**.

Meghan A. Adams, Judge

11