**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ALUMINUMSOURCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N18C-07-231 EMD CCLD |
| v. | ) | |
| | ) | |
| LLFLEX, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

*Upon Plaintiff's Motion to Amend Its Complaint Pursuant to
Superior Court Civil Rule 15(a) and/or 15(b)*
***GRANTED in part and DENIED in part***

Upon consideration of the Court's opinion issued on January 21, 2021 (the "Opinion");[1]

Plaintiff's Motion to Amend Its Complaint Pursuant to Superior Court Civil Rule 15(a) and/or

15(b) (the "Motion") filed by Plaintiff AluminumSource, LLC ("Aluminum"); LLFlex, LLC's

Memorandum of Law in Opposition to Granting Plaintiff Leave to Amend Count I of the

Amended Complaint (the "Opposition") filed by LLFlex, LLC ("LLFlex"); the [Proposed]

Second Amended Complaint filed by Aluminum; the letter, dated March 2, 2021, from Benjamin

A. Smyth to the Honorable Eric M. Davis; arguments made by Aluminum and LLFlex regarding

the Motion; the entire docket of this civil proceeding,

1. The standard of review on a motion for leave to file an amended complaint is

well-settled. Superior Court Civil Rule 15(a) provides that for second or more amendments to a

complaint, "a party may amend the party's pleading only by leave of court or by written consent

of the adverse party…and leave shall be freely given when justice so requires."[2] Delaware

---

[1] *AluminumSource, LLC v. LLFlex*, LLC, 2021 WL 211142 (Del. Super. Jan. 21, 2021).
[2] Super. Ct. Civ. R. 15(a).

Courts generally grant motions to amend liberally, but it is not automatic.[3] The Court may deny an amendment when there is evidence of undue delay, bad faith, or dilatory motive on part of the movant, repeated failure to cure deficiencies, or prejudice.[4] The Court also considers the proposed amendment's impact on a scheduled trial date.[5]

2.      In Count I of the Amended Complaint, Aluminum asserted a fraudulent inducement claim. The Court granted summary judgment in favor of LLFlex on Count I. In the Opinion, however, the Court ordered a status conference with the parties to address why Count I could not be amended to conform with the facts developed in the litigation. The Court believed that LLFlex had notice that Aluminum's contention that LLFlex breached Section 2.4, but that Aluminum alleged the breach in the form of a fraudulent inducement claim instead of a breach of contract claim. The Court felt an amended breach of contract claim could be put before a fact finder without further discovery.

3.      Aluminum filed the Motion. LLFlex opposed the Motion, arguing that amendment would visit prejudice on LLFlex. LLFlex also contended that, as amended, Aluminum did not assert a breach of contract claim but was seeking arbitration under Section 2.4. LLFlex provided affidavits that indicated that an additional 13 depositions would need to be taken.

4.      The Court has reviewed the [Proposed] Second Amend Complaint. The Court finds that Aluminum made minor changes to the Amended Complaint, mostly by deleting misrepresentations allegations and adding "intentional" breach allegations.[6] The Court notes

---

[3] *See, e.g., Sokol Holdings, Inc. v. Dorsey & Whitney, LLP,* 2010 WL 59930, at *2 (Del. Super. Feb. 19, 2010) (Parkins, J.).
[4] *Hess v. Carmine,* 396 A.2d 173, 177 (Del. Super. 1978).
[5] *See, e.g., Spady v. Keen,* 2006 WL 2559853, at *3 (Del. Super. Aug. 25, 2006) (Silverman, J.).
[6] *See* [Proposed] Second Amended Complaint at ¶¶ 87-89.

that Aluminum alleges no new substantive facts—*i.e.*, the facts relied upon in the amended paragraphs are contained in the Amended Complaint.[7]

5.      The Court finds that the [Proposed] Second Amended Complaint meets the Court's expectations when it issued the Opinion.  Moreover, the Court finds that is no evidence of undue delay, bad faith, or dilatory motive on part of Aluminum.  LLFlex argues prejudice.  The Court has trouble with LLFlex's position on this point.  The [Proposed] Second Amended Complaint pled no new facts.  The argument that Court I was a breach of contract claim was raised in this case from the outset.  Moreover, the elements of breach of contract are more straightforward than those of fraudulent inducement.

6.      The Court finds cause exists to grant the Motion.  The Court, however, will strike Aluminum's claim for punitive damages.  In Delaware, a party may not recover punitive damages for breach of contract unless the conduct also amounts independently to a tort.[8]  The exceptions to this general rule are limited to: (i) breach of a contract to marry; (ii) failure of a public monopoly to discharge its obligations to the public; (iii) breach of a fiduciary duty; (iv) breach accompanied by fraudulent conduct; and (v) bad faith refusal by an insurer to settle a claim.[9]  Through the Opinion, the Court disposed of Aluminum's tort claim.  Aluminum uses words like "bad faith breaches" of contract but such allegations, at best, demonstrate an intentional breach and not conduct that amounts independently to a tort.

7.      The Court will grant LLFlex the right to an additional deposition of any expert that Aluminum intends to rely upon at trial for its breach of contract claim, including on the issue

---

[7] *See, e.g.,* [Proposed] Second Amended Complaint at ¶¶ 81-82.
[8] *See E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436, 445 (Del. 1996)
[9] *See id.* at 446.

3

of damages.  LLFlex may also take an additional Civil Rule 30(b)(6) deposition of an Aluminum

representative so long as the issues relate to Count I as a breach of contract claim.

**IT IS SO ORDERED**

Dated: May 19, 2021
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:  File&ServeXpress