**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ZENITH ENERGY TERMINALS JOLIET HOLDINGS LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.:  N19C-10-054 EMD CCLD |
| v. | ) ) ) | |
| CENTERPOINT PROPERTIES TRUST, | ) ) | |
| Defendant. | | |

*Upon Defendant's Motion for Leave to File Amended Answer to Assert Counterclaim*
***GRANTED in part and DENIED in part***

Upon consideration of Defendant's Motion for Leave to File Amended Answer to Assert Counterclaim (the "Motion") filed by Defendant CenterPoint Properties Trust ("CenterPoint"); Plaintiffs Zenith Energy Terminals Joliet Holdings LLC and Joliet Bulk, Barge & Rail LLC's Opposition to CenterPoint Properties Trust's Motion for Leave to File Amended Answer to Assert Counterclaim (the "Opposition") filed by Plaintiffs Zenith Energy Terminals Joliet Holdings LLC and Joliet Bulk, Barge & Rail LLC[1] (collectively, "Plaintiffs"); the letter dated October 25, 2021 from F. Troupe Mickler IV, Esq., to the Honorable Eric M. Davis; the letter dated October 26, 2021 from Christopher Viceconte, Esq., to the Honorable Eric M. Davis; the arguments made at the hearing held on October 18, 2021 (the "Hearing"); the entire docket of this civil proceeding,

1. The standard of review on a motion for leave to file an amended complaint is well-settled.  Superior Court Civil Rule 13(f) states that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the

---

[1] Joliet Bulk, Barge & Rail will be individually referred to as "JBBR."

pleader may by leave of court set up the counterclaim by amendment."[2]  Superior Court Civil Rule 15(a) provides that for an amendment to the pleadings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party…and leave shall be freely given when justice so requires."[3]  Delaware Courts generally grant motions to amend liberally, but it is not automatic.[4]  The Court may deny an amendment when there is evidence of undue delay, bad faith, or dilatory motive on part of the movant, repeated failure to cure deficiencies, or prejudice.[5]  The Court also considers the proposed amendment's impact on a scheduled trial date.[6]

2.      Plaintiffs filed their Complaint on October 7, 2019.[7]  CenterPoint moved to dismiss the Complaint on November 19, 2019.[8]  The Court held a hearing on the motion to dismiss on January 28, 2020.[9]  At the conclusion of the January 28, 2020 hearing, the Court denied the motion to dismiss.[10]

3.      On February 21, 2020, CenterPoint filed its Answer.[11]  CenterPoint did not assert any counterclaims as part of its Answer.  In the Answer, CenterPoint addresses the issue of JBBR and the Final Completion Certificate; however, CenterPoint does not contend that JBBR's failure to issue the Final Completion Certificate constituted an actionable contract or tort cause

---

[2] Super. Ct. Civ. R. 13(f).
[3] Super. Ct. Civ. R. 15(a).
[4] *See, e.g., Fulton Bank, N.A. v. River Rock, LLC*, 2018 WL 3854099 (Del. Super. Aug. 13, 2018) (denying motion to amend under Civil Rule 13(f) and/or Rule 15(a)); *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP,* 2010 WL 59930, at *2 (Del. Super. Feb. 19, 2010) (Parkins, J.).
[5] *Hess v. Carmine,* 396 A.2d 173, 177 (Del. Super. 1978).
[6] *See, e.g., Spady v. Keen,* 2006 WL 2559853, at *3 (Del. Super. Aug. 25, 2006).
[7] D.I. No. 1.
[8] D.I. No. 9.
[9] D.I. No. 25.
[10] D.I. No. 27.
[11] D.I. No. 28.

of action.[12] CenterPoint did not assert an affirmative defense based on a material breach by Plaintiffs. CenterPoint did "reserve" its right to amend the Answer "as this action progresses."[13]

4. On August 27, 2021, Plaintiffs moved to amend the Complaint.[14] Plaintiffs proposed amendments were minor—no new causes of action, no additional facts. Plaintiffs sought to amend the Complaint to add, what Plaintiffs contend, is a copy of the "Description of Work and Services" (Ex. G) that was part of the Ragnar Contract. Plaintiffs asserted that when they filed the Complaint, they attached the Ragnar Contract but did not append the Description of Work and Services. CenterPoint opposed the motion to amend.[15] The Court granted the motion to amend without a hearing.[16] Plaintiffs filed the Amended Complaint on September 10, 2021.[17]

5. On September 24, 2021, CenterPoint filed its Answer and Affirmative Defenses to Amended Complaint (the "Amended Answer"). The Amended Answer does not change CenterPoint's answers to the Amended Complaint's factual allegations regarding the Final Completion Certificate.[18] CenterPoint makes no factual response that the Certificate of Completion was wrongfully withheld by JBBR. CenterPoint does add an additional affirmative defense, Seventh Affirmative Defense, that contends that Plaintiffs claims are barred, in whole or in part, because JBBR materially breached its obligations under "Construction Management Agreement when it withheld, conditioned and delayed issuance of the Final Completion Certificate."[19]

---

[12] *See, e.g.*, Ans. at 15-17, 19-20 and 26-27.
[13] *Id*. at 30.
[14] D.I. No. 86.
[15] D.I. No. 87.
[16] D.I. No. 88.
[17] D.I. No. 89.
[18] *See. e.g.,* Am. Ans. at 15-17, 19-20 and 26-27.
[19] *Id*. at 30-31.

6.      On September 24, 2021, CenterPoint filed the Motion.[20]  The Motion seeks to amend the Amended Answer to assert a breach of contract counterclaim.  The proposed counterclaim asserts a claim (the "Proposed Counterclaim") against Plaintiffs because JBBR purportedly "breached its obligations under the Construction Management Agreement when it unreasonably withheld, conditioned and delayed issuance of the Final Completion Certificate."[21]

7.      The Proposed Counterclaim arises out of the transaction and occurrence that is the basis of Plaintiffs' Complaint.  Accordingly, the Proposed Counterclaim is a compulsory counterclaim and should have been first asserted with the Answer on February 21, 2020.[22]

8.      CenterPoint contends that the Court should grant the Motion because: (i) CenterPoint just learned of "new" facts underlying the Proposed Counterclaim on September 22, 2021; and (ii) Plaintiffs will not suffer any prejudice.  Plaintiffs oppose the Motion.  Plaintiffs contend CenterPoint cannot satisfy Civil Rule 13(f).  In addition, Plaintiffs argue that the Proposed Counterclaim is futile because it is barred by the statute of limitations.

9.      The Court is troubled by the lateness of the Proposed Counterclaim.  CenterPoint is contending that JBBR first breached the Construction Contract on or about October 29, 2015 when JBBR improperly withheld consent to the issuance of the Final Completion Certificate.[23]  JBBR purportedly continued this conduct for several months/years.[24]  In fact, Ragnar sued JBBR over a similar issue on January 23, 2017—more than three years before CenterPoint filed its original Answer.

---

[20] D.I. No. 91.
[21] Mot. at ¶ 13.
[22] Super. Ct. Civ. R. 13(a).
[23] Mot. Ex. A at 34-36.
[24] *Id.*

10.     The Court notes that CenterPoint does not make a claim of excusable neglect, oversight or inadvertence.  Instead, CenterPoint contends that new evidence was discovered in a deposition held on September 22, 2021 that supports the Proposed Counterclaim.  The Court has difficulty with this argument given that Ragnar knew enough to assert a similar claim against JBBR in early 2017.

11.     The Court will follow the reasoning in *Fulton Bank, N.A. v. River Rock, LLC*.[25] In *Fulton*, the Court denied leave to amend the pleadings to add a compulsory counterclaim because the proposed counterclaim was untimely.[26]  The defendant in *Fulton* seemingly possessed facts to support its proposed counterclaim but failed to assert the claim until six months after the filing of defendant's answer.  The Court held that this unexcused delay meant the request to amend was untimely under either Civil Rule 13(f) or Civil Rule 15.[27]

12.     Here, CenterPoint knew or should have known of the facts underlying the Proposed Counterclaim no later than January 23, 2017.  Under Civil Rule 13(a), CenterPoint needed to assert the Proposed Counterclaim with its Answer filed on February 21, 2020.  Instead, CenterPoint chose to wait another twenty months before seeking relief under Civil Rule 13(f).  CenterPoint seems to entirely rely on the "when justice so requires" standard.  Under the circumstances here, the Court finds that CenterPoint cannot meet that standard.

---

[25] 2018 WL 3854099 (Del. Super. Aug. 13, 2018)
[26] *Id*. at *1.
[27] *Id*. at *3.

13. The Court **DENIES** the Motion for failing to meet the standards under either Civil Rule 13(f) or Civil Rule 15(a).

**IT IS SO ORDERED**

Dated: January 27, 2022
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress