**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| THE SPRING LEAGUE, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N24C-01-095 EMD CCLD |
| FROST BROWN TODD LLP, a Delaware partnership, | ) ) ) | |
| Defendant. | ) ) ) | |

Submitted: October 22, 2024
Decided: October 30, 2024

*Upon Consideration of Plaintiff's Motion for*
*Reconsideration of October 8, 2024 Decision*
***DENIED with modifications***

Patrick C. Gallagher, Esquire, Courtney R. Prinski, Esquire, Jacobs & Crumplar, P.A., New Castle, Delaware. *Attorneys for Plaintiff The Spring League, LLC*.

David E. Ross, Esquire, Eric D. Selden, Esquire, Ross Aronstam & Moritz LLP, Wilmington, Delaware. *Attorneys for Defendant Frost Brown Todd LLP*.

**Davis, J.**

## I.    INTRODUCTION

This is a legal malpractice action assigned to the Complex Commercial Litigation

Division.  Plaintiff The Spring League, LLC ("The Spring League")[1] filed the civil action in this

---

[1] The parties use different names when addressing The Spring League.  *Compare* D.I. No. 1 *with* D.I. No. 14.  For example, the Complaint identifies the plaintiff as The Spring League, LLC.  *See* D.I. No. 1.  The Spring League in its response to the motion to dismiss provides that The Spring League is "Spring League" in the caption and "The Spring League, a Delaware limited liability company" in the body of the response.  *See* D.I. No. 14. The Court will use the name provided in the Complaint and the Complaint's caption.

Court on January 14, 2024.[2]  The Spring League asserts a single claim for legal malpractice against Frost Brown Todd LLP ("Frost Brown") in its complaint (the "Complaint").

Frost Brown filed Frost Brown's Motion to Dismiss The Spring League's Complaint (the "Motion to Dismiss").[3]  The Court held a hearing on the Motion to Dismiss on August 8, 2024.[4]  The Court issued an opinion on October 8, 2024, granting the Motion to Dismiss (the "Opinion").[5]

On October 15, 2024, The Spring League filed Plaintiff's Motion for Reconsideration of October 8, 2024 Decision (the "Reconsideration Motion").[6]  The Spring League contends that the Opinion contains an "obvious blunder" and otherwise contains errors of law or misapprehensions of facts that would lead to a different outcome.[7]  Frost Brown filed Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration of October 8, 2024 Decision (the "Response") on October 22, 2024.[8]

The Court has examined the Reconsideration Motion, the Response, the Opinion and the entire record of this civil proceeding.  After review, the Court has determined that no hearing is necessary and, for the reasons set forth below, is **DENYING** the Motion.  The Court will, however, allow The Spring League to file a motion to amend its complaint under Civil Rule 15(a).  The Spring League must file such a motion within ten (10) business days from the date of this decision and the motion must include, as exhibits, a proposed amended complaint and a red-line of the proposed amended complaint showing changes from the Complaint.  Frost Brown will have fifteen (15) business days to reply to any motion to amend filed by The Spring League.

---

[2] D.I. No. 1.
[3] D.I. No. 4.
[4] D.I. No. 19.
[5] D.I. No. 20.
[6] D.I. No. 21.
[7] Motion at 2.
[8] D.I. No. 25.

## II.        LEGAL STANDARD

Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[9]    The standard for a Civil Rule 59(e) motion is well defined under Delaware law.[10]  A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[11]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[12] or to present new arguments not previously raised.[13]  In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[14]  Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[15]

## III.        DISCUSSION

In the Reconsideration Motion, The Spring League contends that the Opinion should be reconsidered because The Spring League: (i) asked for leave to amend in its briefing on the Motion to Dismiss; (ii) did not need to specifically plead the standard of care in the Complaint; (iii) raised disputed facts in its briefing on the Motion to Dismiss; (iii) argued a reasonable interpretation of the relevant insurance policy; and (iv) properly pled damages but the Court

---

[9] Super. Ct. Civ. R. 59(e).
[10] *Kennedy v. Invacare Corp.*, 2006 WL 488580, at *1 (Del. Super. Jan. 31, 2006).
[11] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[12] *Id.*
[13] *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[14] *Gannett*, 2003 WL 1579170, at *1.
[15] *Plummer*, 2004 WL 63414, at *2.

misapprehended the Complaint's allegations as to causation between Frost Brown's negligence and damages.

Frost Brown opposes the Reconsideration Motion. Frost Brown argues that The Spring League failed to properly request leave to amend the Complaint. Frost Brown contends that The Spring League otherwise misconstrues governing law or merely rehashes arguments made in connection with the Motion to Dismiss and addressed in the Opinion.

The Court has reviewed the Reconsideration Motion and holds that The Spring League has not met the necessary standard for reargument under Civil Rule 59(e). The Spring League fails to demonstrate that the Court overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the Opinion.

Delaware law is clear that a party must allege a breach of the standard of professional care owed and that the breach proximately caused damages.[16] The Court finds nothing in the Reconsideration Motion that demonstrates the Court failed to apply the proper legal standard to the Complaint and its allegations. The Court continues to hold that the Complaint fails to meet the necessary pleading standards for a legal malpractice claim.

The Court also finds that the Reconsideration Motion merely rehashes arguments previously made and addressed in connection with the Motion to Dismiss. The Opinion sets out the Court's reasoning and The Spring League's characterization of the Opinion does not warrant reargument.

The Spring League argues that the Court erred in not allowing leave to amend the Complaint. In support, The Spring League provides no valid authority that the Court must

---

[16] *Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, 906 A.2d 168, 216 (Del. Ch. Aug. 10, 2006); *CFGI, LLC v. Common C Holdings. LP*, 2024 WL 325567, at *11-12 (Del. Super. Jan. 29, 2024).

provide a party leave to amend under Civil Rule 15 when ruling on a motion to dismiss. In support of the argument, The Spring League relies on a Civil Rule 17 case.[17] Civil Rule 17(a) relates to real parties in interest and expressly requires an opportunity to cure before dismissal.[18] Civil Rule 17 does not apply here. In addition, The Spring League maintains it properly requested leave to amend in briefing the Motion to Dismiss. The Spring League references the following statement from its brief:

> Alternatively, Plaintiff requests that it be granted leave to file an amended complaint under Rule 15 to address any concerns the Court has to the sufficiency of the Complaint.[19]

While The Spring League feels this is an adequate request for leave to amend, the Court disagrees. The Spring League never specified how it could have pled its claim differently to satisfy the Civil Rules. Instead, The Spring League seemingly viewed the Court's role as one to provide "suggestions" or "concerns" to a party so that the party can fix its pleading errors—i.e., an advisory role. The Court does not accept that as a valid use of Civil Rule 12(b)(6). The Spring League should have: (i) clarified how it could amend to address the concerns raised in the Motion to Dismiss in briefing; or (ii) filed a motion under Civil Rule 15(a). Then, the Court could have determined whether the proposed amendment would be appropriate or, alternatively, futile or prejudicial.[20]

The Court has not adopted Chancery Rule 15(aaa). As such, the Court will grant The Spring League leave to file a motion under Civil Rule 15(a). Given the history of this case, and ample opportunity to have sought relief before the Court issued the Opinion, the Court will

---

[17] *Appriva S'holder Litig. Co. v. ev3, Inc.*, 937 A.2d 1275 (Del. 2007).
[18] Del. Super. Civ. R. 17(a).
[19] D.I. No. 14 at 21.
[20] *See, e.g., Chrysler Corp. v. New Castle County*, 464 A.2d 75 (Del. Super. June 8, 1983) (amendments should be granted in the absence of prejudice to the opposing party); *Hess v. Carmine*, 396 A.2d 173 (Del. Super. Dec. 5, 1978) (freely give unless evidence of prejudice or futility or the like).

condition the filing of such a motion by requiring it be filed within ten (10) business days from the date of this decision. In addition, The Spring League, as part of any such motion, must file the form of proposed amended complaint and a redline showing any proposed changes to the Complaint. Frost Brown will have the opportunity to file a response within fifteen (15) days from the filing of any motion.

## IV.    CONCLUSION

The Court finds and determines that the Reconsideration Motion fails to demonstrate that the Court: (i) overlooked precedent or legal principles that would have a controlling effect, or (ii) misapprehended the law or the facts such as would affect the outcome of the Opinion. Accordingly, the Reconsideration Motion is **DENIED**. The Court will allow The Spring League to file a motion for leave to amend the Complaint under Civil Rule 15(a) as set out in this decision.

October 30, 2024
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress

6